CROWELL & MORING LLP
S. Shane Sagheb (CSB No. 109878)
    Email: ssagheb@crowell.com
Samuel P. Nielson (CSB No. 274611)
    Email: snielson@crowell.com
515 South Flower Street, 40th Floor
Los Angeles, CA 90071
Telephone:(213) 622-4750
Facsimile: (213) 622-2690

Attorneys for Defendant
Gate Gourmet, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

ROBERTO ORTIZ,

                    Plaintiff,

          v.

GATE GOURMET, INC.,
CHRIS NOVAK; and
DOES 1 THROUGH 20, inclusive,

                    Defendants.

Case No. C 12 6455

[State Complaint No. CIV 518104
Filed: November 21, 2012

**NOTICE OF REMOVAL OF CIVIL ACTION FROM SAN MATEO COUNTY SUPERIOR COURT TO UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA UNDER 28 U.S.C. § 1441**

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

        PLEASE TAKE NOTICE that pursuant to 28 U.S.C. § 1441, defendant Gate Gourmet, Inc. ("Gate Gourmet") hereby removes to this Court the state court action described below.

        1.    On November 21, 2012, an action was commenced in the Superior Court of the State of California, in and for the County of San Mateo, entitled *Robert*

CROWELL
& MORING LLP
ATTORNEYS AT LAW

NOTICE OF REMOVAL OF CIVIL ACTION

*Ortiz v. Gate Gourmet, Inc.; Chris Novak and Does 1-10,* Case No. CIV 518104.

2.    The first date upon which Gate Gourmet received a copy of the Complaint was November 27, 2012, when Gate Gourmet was served with a copy of the Complaint, a Summons from the state court, and various other notices relating to the case. True and correct copies of these papers, constituting all process, pleadings and orders served on Gate Gourmet, are attached hereto as Exhibit "A."

3.    This is a civil action of which this court has original jurisdiction under 28 U.S.C. § 1331, and is one that may be removed to this Court by Gate Gourmet pursuant to the provisions of 28 U.S.C. § 1441, in that the tenth cause of action alleged in the Complaint arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* This Court may exercise supplemental jurisdiction over plaintiff's state law claims pursuant to the provisions of 28 U.S.C. § 1367(a).

4.    Venue is proper in the United States District Court for the Northern District of California because the San Mateo Superior Court is located within this judicial district. 28 U.S.C. § 1441(a).

5.    This Notice of Removal is being filed within thirty (30) days of the date Gate Gourmet first received a copy of the initial pleadings in this case by service or otherwise, as required by 28 U.S.C. § 1446(b).

6.    Gate Gourmet is informed that Defendant Chris Novak has not been served with the Complaint, the Summons, or any other papers. Because he has not been served, Defendant Novak need not join in this removal. *Destfino v. Reiswig,* 630 F.3d 952, 957 (9th Cir. 2011) (co-defendants not properly served need not join in removal).

7.    Additionally, Defendant Novak need not join in this removal because the claim upon which removal is based, Gate Gourmet's alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 207, is made only against Gate Gourmet. *See* 28 U.S.C. § 1441(c)(2) (stating that "[o]nly defendants against whom a [federal question] claim . . . has been asserted are required to join in or consent to the

removal"); *see also* 16-107 Moore's Federal Practice - Civil § 107.11 ("If removal is based on a federal question claim that is joined to a claim that is not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, only the defendants to the federal question claim need join in or consent to the removal.").

8.      Defendant Gate Gourmet filed its answer to the Complaint in San Mateo Superior Court on December 19, 2012.  A true and correct copy of the answer is attached hereto as Exhibit "B."

9.      To the best of Gate Gourmet's counsel's knowledge, no other proceedings, process, pleadings, orders or other papers have been filed or served in the state court action.

10.      Promptly after the filing of this Notice of Removal in the United States District Court for the Northern District of California, Gate Gourmet will give proper notice to plaintiff through his attorney and to the San Mateo Superior Court in compliance with 28 U.S.C. § 1446(d).

WHEREFORE, Gate Gourmet requests that this action be removed from San Mateo Superior Court to the United States District Court for the Northern District of California and that all further proceedings be held before this Court.

Dated:      December 20, 2012

CROWELL & MORING LLP

S. Shane Sagheb
Samuel P. Nielson
Attorneys for Defendant
Gate Gourmet, Inc.

# EXHIBIT A

CROWELL
& MORING LLP
ATTORNEYS AT LAW

NOTICE OF REMOVAL OF CIVIL ACTION

# COPY

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

GATE GOURMET, INC.; CHRIS NOVAK; and DOES 1 THROUGH 20, inclusive,

**ENDORSED FILED**
SAN MATEO COUNTY

NOV 2 1 2012

Clerk of the Superior Court
By _____ O. Lewis
DEPUTY CLERK

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ROBERTO ORTIZ,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below:

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Mateo County Superior Court

CASE NUMBER:
*(Número del Caso):* CIV 5 1 8 1 0 4

400 County Center
Redwood City, CA 94063

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Cary Kletter, Kletter Law Firm, 1900 S. Norfolk Street, Suite 350, San Mateo, CA 94403

DATE: November 13, NOV 2 1 2012   JOHN C. FITTON  Clerk, by   OUIDA LEWIS   , Deputy
*(Fecha)* *(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*  **Gate Gourmet, Inc.**

under: ☒ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

- 5 -

COPY

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Cary Kletter (SBN 210230)/ Sally Trung Nguyen (SBN 267275)
Kletter Law Firm
1900 S. Norfolk Street, Suite 350, San Mateo, CA 94403

TELEPHONE NO.: 415.434.3400    FAX NO.:
ATTORNEY FOR *(Name)*: Roberto Ortiz

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Mateo
STREET ADDRESS: 400 County Center
MAILING ADDRESS:
CITY AND ZIP CODE: Redwood City 94063
BRANCH NAME:

CASE NAME:
Ortiz v. Gate Gourmet, Inc., et al.

**FOR COURT USE ONLY**

**RECEIVED**

NOV 2 1 2012

CLERK OF THE SUPERIOR COURT
SAN MATEO COUNTY

CASE NUMBER: CIV 518104

| CIVIL CASE COVER SHEET | | Complex Case Designation | | JUDGE: |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action *(specify)*: 16
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 13, 2012

Cary Kletter
*(TYPE OR PRINT NAME)*                    ► _____
                                          *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

BY FAX

- 6 -

CM-010

### INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice—
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach—Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case—Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ—Administrative Mandamus
Writ—Mandamus on Limited Court
Case Matter
Writ—Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal—Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

COPY

Cary Kletter (SBN 210230)
Sally Trung Nguyen (SBN 267275)
KLETTER LAW FIRM
1900 S. Norfolk Street, Suite 350
San Mateo, CA 94403
P: 415.434.3400

Attorneys for Plaintiff,
ROBERTO ORTIZ

**ENDORSED FILED**
SAN MATEO COUNTY

NOV 2 1 2012

Clerk of the Superior Court
By _____O. Lewis_____
DEPUTY CLERK

SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF SAN MATEO

ROBERTO ORTIZ,

Plaintiff,

v.

GATE GOURMET, INC.; CHRIS
NOVAK; and DOES 1 THROUGH 20,
inclusive,

Defendants.

Civ. Case No. **CIV 5 1 8 1 0 4**

COMPLAINT AND DEMAND
FOR JURY

Plaintiff ROBERTO ORTIZ alleges as follows:

INTRODUCTION

1.      This is an action brought by Plaintiff ROBERTO ORTIZ ("PLAINTIFF") against GATE GOURMET, INC. ("GATE GOURMET"); CHRIS NOVAK ("NOVAK"); and DOES 1 through 20, inclusive (collectively "DEFENDANTS"), in connection with claims arising out of PLAINTIFF's employment with DEFENDANTS.

2.      This is an action for damages due to (1) Sexual Harassment; (2) Failure to Prevent Harassment; (3) Retaliation; (4) Wrongful Termination in Violation of Public Policy; (5) Waiting Time Penalties; (6) Failure to Pay All Overtime Earned for Hours Worked; (7) Liquidated Damages; (8) Failure to Provide Meal and Rest Periods; (9) Violation of California Labor Codes; (10) Failure to Pay Wages and Overtime; (11) Failure to Provide an Itemized Wage Statement; (12) Civil Penalties Under Labor Code §558; (13) Unlawful, Unfair & Fraudulent Business Practices; (14) Breach of Employment Contract; (15) Violation of the

COMPLAINT AND JURY DEMAND OF ROBERTO ORTIZ
- 1 -

Labor Code Private Attorney's General Act ("PAGA"); and (16) Reach of the Covenant of Good Faith and Fair Dealing.

## PARTIES

3.   PLAINTIFF is an individual who at all relevant times was and is a resident of the State of California, County of Santa Clara.

4.   GATE GOURMET is, upon information and belief, a company doing business in California.

5.   CHRIS NOVAK is, upon information and belief, an individual who, at all relevant times, was PLAINTIFF's immediate supervisor at GATE GOURMET in the county of San Mateo.

6.   PLAINTIFF is ignorant of the true names and capacities of the defendants sued herein as DOES 1 through 20 therefore sues them by such fictitious names. PLAINTIFF is informed and believes and thereon alleges that said defendants are in some manner legally responsible for the activities and damages alleged herein. PLAINTIFF will amend this Complaint to allege their true names and capacities when ascertained.

7.   PLAINTIFF is informed and believes and thereon alleges that at all times herein mentioned each of the defendants was acting as the partner, agent, servant, and employee of each of the remaining defendants, and in doing the things alleged herein was acting within the course and scope of such agency and with the knowledge of the remaining DEFENDANTS.

## JURISDICTION AND VENUE

8.   Jurisdiction and venue are proper because PLAINTIFF's claims and causes of actions arose in the county of San Mateo.

9.   This Court has jurisdiction over PLAINTIFF's claims pursuant to Labor Code §§ 218 and 1194.

10.  The Court has jurisdiction over PLAINTIFF's claims for injunctive relief and restitution of ill-gotten benefits arising from DEFENDANTS' unlawful business acts and practices under B&P Code §§ 17203 and 17204.

11.  In response to DEFENDANTS' unlawful conduct PLAINTIFF filed a timely Complaint against GATE GOURMET and CHRIS NOVAK with the California Department of

Fair Employment and Housing ("DFEH").

12. The DFEH issued Right-To-Notices under California Government Code Section 12965(b), permitting PLAINTIFF to file a civil action under the provisions of FEHA against GATE GOURMET and CHRIS NOVAK.

13. PLAINTIFF has given notice to the California Labor and Workforce Development Agency ("LWDA") pursuant to Labor Code §§ 210 and 211, and the California Private Attorneys General Act, § 2698, et seq. ("PAGA") about DEFENDANTS' violation of Labor Code §§201, 202, 203, 204, 210, 218.5, 226.7, 432, 510, 512, 558, 1194 and 2698(f)(2). Therefore, the Court has jurisdiction over PLAINTIFFS' claims for penalties pursuant to Labor Code §§ 201, 202, 203, 204, 210, 218.5, 226.7, 432, 510, 512, 558, 1194 and 2698(f) (2).

## FACTUAL ALLEGATIONS

14. PLAINTIFF was misclassified as an exempt employee and not paid all wages he was owed.

15. PLAINTIFF worked for DEFENDANTS from September 2008 to August 2012.

16. During PLAINTIFF's employment, he proved himself to be a dedicated and hardworking employee.

17. PLAINTIFF regularly worked more than eight (8) hours per day, and more than forty (40) hours per week, but was not paid overtime at the overtime premium rate.

18. PLAINTIFF typically worked approximately 76 hours per week.

19. PLAINTIFF's wage rate was $36.06 per hour.

20. PLAINTIFF was not provided with an uninterrupted 30-minute meal break or a 10-minute rest break where he was relieved of all his job duties.

21. DEFENDANTS required PLAINTIFF remain on the premises at all times and did not permit him to leave the premises at any time.

22. PLAINTIFF was not provided with one additional hour of pay for his missed meal and rest breaks.

23. PLAINTIFF, who is no longer employed with DEFENDANTS, was not paid for all his accrued but unused vacation wages at the time of his separation from employment.

24. PLAINTIFF was sexually harassed at work by his manager CHRIS NOVAK.

25. On multiple occasions PLAINTIFF complained to his superiors about NOVAK's

sexually inappropriate conduct.

26.    NOVAK'S harassments toward PLAINTIFF include, but are not limited to the following actions: inappropriately touching PLAINTIFF's buttocks and genitals in a sexual manner and constantly making derogatory jokes about PLAINTIFF's perceived sexual orientation.

27.    At all times, PLAINTIFF was offended by NOVAK'S conduct.

28.    NOVAK's sexually harassing conduct was always unwelcomed.

29.    DEFENDANTS were made aware of the sexual harassment but did not take adequate steps to prevent the harassment from occurring.

30.    As a result of DEFENDANTS.' conduct, PLAINTIFF suffered emotional distress.

**FIRST CAUSE OF ACTION**
SEXUAL HARASSMENT
FEHA – CAL. GOVT CODE § 12940 *et seq.*
AGAINST ALL DEFENDANTS

31. PLAINTIFF re-alleges and incorporates by reference all of the previous allegations herein.

32.    The above conduct by PLAINTIFF's co-worker, CHRIS NOVAK described herein was unwelcomed, directed towards PLAINTIFF, and was part of an ongoing pattern and continuing pattern of conduct.

33.    NOVAK'S harassments toward PLAINTIFF include, but are not limited to the following actions: inappropriately touching PLAINTIFF's buttocks and genitals in a sexual manner and constantly making derogatory jokes about PLAINTIFF's perceived sexual orientation.

34.    The above conduct caused PLAINTIFF to perceive his work environment as intimidating, hostile, abusive or offensive.

35.    The above conduct altered the terms and conditions of PLAINTIFF's employment.

36.    Complaints about much of the harassing conduct were made to DEFENDANTS, but no appropriate action was taken in response.

37.    DEFENDANTS' acts were malicious, oppressive or fraudulent with intent to vex, injure, annoy, humiliate and embarrass PLAINTIFF, and in conscious disregard of the rights or safety of PLAINTIFF.

COMPLAINT AND JURY DEMAND OF ROBERTO ORTIZ

- 4 -

38. DEFENDANTS' conduct ratified the wrongful conduct of NOVAK. Accordingly, PLAINTIFF is entitled to recover punitive damages from DEFENDANTS.

39. By reason of the conduct of DEFENDANTS and each of them as alleged herein, PLAINTIFF has necessarily retained attorneys to prosecute the within action. PLAINTIFF is therefore entitled to reasonable attorney's fees and litigation expenses, including expert witness fees and costs, incurred in bringing the within action.

40. As a result of DEFENDANTS and each of their actions, PLAINTIFF sustained economic damages to be proven at trial. As a further result of DEFENDANTS' and each of their actions, PLAINTIFF suffered emotional distress; resulting in damages to be proven at trial.

41. The above harassing conduct violates FEHA, Government Code §§ 12940 and Title VII of the Civil Rights Act of 1964. California Public Policy and entitles PLAINTIFF to all categories of damages, including exemplary or punitive damages.

## SECOND CAUSE OF ACTION
### FAILURE TO PREVENT HARASSMENT
### FEHA - CAL. GOVT. CODE § 12940 *et seq.*
### AGAINST GATE GOURMET and DOES 1 - 20

42. PLAINTIFF re-alleges and incorporates by reference all of the previous allegations herein.

43. Under FEHA, GATE GOURMET was obliged to take all reasonable steps necessary to prevent sexual harassment from occurring. Cal. Gov. Code §12940 *et seq.*

44. In violation of its duty, GATE GOURMET failed to take all reasonable steps necessary to prevent acts of harassment against PLAINTIFF.

45. GATE GOURMET knew or should have known that PLAINTIFF was subjected to incidents of egregious sexual harassment by NOVAK. At all relevant times, GATE GOURMET did not fully investigate or take any steps to prevent the harassment of PLAINTIFF.

46. As a result of GATE GOURMET'S action or inaction, PLAINTIFF suffered emotional distress resulting in damages to be proven at trial.

//

//

### THIRD CAUSE OF ACTION
RETALIATION
FEHA - CAL. GOVT. CODE § 12940 *et seq.*
AGAINST GATE GOURMET

47.    PLAINTIFF re-alleges and incorporates by reference all of the previous allegations herein.

48.    In violation of California Government Code § 12940, GATE GOURMET retaliated against PLAINTIFF for having opposed, resisted and complained of the acts alleged herein. This retaliation is part of a pattern and practice of retaliation against employees who complaint about harassing or discriminatory acts.

49.    PLAINTIFF was retaliated against because of his complaints of sexual harassment.

50.    By reason of the conduct of GATE GOURMET as alleged herein, PLAINTIFF has necessarily retained attorneys to prosecute the within action. PLAINTIFF is therefore entitled to reasonable attorney's fees and litigation expenses, including expert witness fees and costs, incurred in bringing the within action. As a result of GATE GOURMET'S actions, PLAINTIFF sustained economic damages to be proven at trial. As a further result of GATE GOURMET'S actions, PLAINTIFF suffered emotional distress resulting in damages to be proven at trial.

51.    The conduct of GATE GOURMET and/or their agents/employees as described herein was malicious, and/or oppressive, and done with a willful and conscious disregard for PLAINTIFF's rights and for the deleterious consequences of their actions. GATE GOURMET and/or their agents/employees or supervisors authorized, condoned and ratified the unlawful conduct of NOVAK. Consequently, PLAINTIFF is entitled to punitive damages against GATE GOURMET.

### FOURTH CAUSE OF ACTION
WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
AGAINST GATE GOURMET

52.    PLAINTIFF re-alleges and incorporate by reference all of the previous allegations herein.

53.    GATE GOURMET'S constructive termination of PLAINTIFF was in retaliation for his complaints of unlawful harassment and a result of GATE GOURMET'S failure to prevent

further unlawful harassment.

54. GATE GOURMET' constructive termination of PLAINTIFF also constituted discrimination based on sex.

55. Such conduct violates the Public Policy of the State of California as put forward in the California Fair Employment and Housing Act, the California Constitution, the California Labor Code, and other statutes and provisions.

56. As a result of said conduct, PLAINTIFF suffered general and exemplary damages as well as having to incur attorneys' fees to prosecute said action.

57. GATE GOURMET and each of them did acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intent to injure PLAINTIFF, from an improper and evil motive amounting to malice, and in conscious disregard of PLAINTIFF's rights. The acts complained of were known to, authorized and ratified by GATE GOURMET. PLAINTIFF is therefore entitled to recover punitive damages from GATE GOURMET, in an amount according to proof at the time of trial.

**FIFTH CAUSE OF ACTION**
WAITING TIME PENALTIES - LABOR CODE §§ 201, 202 and 203
AGAINST GATE GOURMET and DOES 1 -20

58. PLAINTIFF re-alleges and incorporates by reference all of the previous allegations herein.

59. Labor Code § 201(a) requires an employer who discharges an employee to pay all compensation due and owing to the employee immediately upon discharge.

60. Labor Code § 202(a) requires an employer to pay all compensation due and owing to an employee.

61. Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required under Labor Code §§ 201 and 202, then the employer is liable for waiting time pay in the form of continued compensation for up to thirty (30) work days.

62. PLAINTIFF, who is no longer employed by GATE GOURMET, has not been paid for compensation for all hours worked – i.e. GATE GOURMET did not pay PLAINTIFF missed meal break penalty wages, overtime pay or "straight" wages.

63. PLAINTIFF's actual hours worked for GATE GOURMET were not accurately reflected on his wage statements and he was underpaid.

64. GATE GOURMET has willfully failed and refused to make timely payment of wages to PLAINTIFF.

65. As a direct and proximate result of GATE GOURMET'S conduct, PLAINTIFF has suffered damages, in an amount to be proven at trial.

66. As a direct and proximate result of GATE GOURMET'S conduct, PLAINTIFF is also entitled to attorneys' fees under Labor Code §§ 218.5 and 1194, in addition to interest, expenses and costs of suit.

### SIXTH CAUSE OF ACTION
FAILURE TO PAY ALL OVERTIME EARNED FOR HOURS WORKED
LABOR CODE §§ 510 and 1194 and IWC WAGE ORDERS
AGAINST GATE GOURMET and DOES 1 - 20

67. PLAINTIFF re-alleges and incorporates by reference all of the previous allegations herein.

68. Labor Code § 510(a) provides that work in excess of eight (8) hours in a day, or forty (40) hours in a week, must be compensated at a rate not less than one and one-half (1½) times the regular rate of pay for an employee.

69. IWC Wage Order 4-2001 and 8 Cal. Code of Regulations § 11040 also provide that work in excess of eight (8) hours in a day, or forty (40) hours in a week, must be compensated at not less than one and one-half (1½) times the regular rate of pay for an employee.

70. IWC Wage Order 4-2001 and 8 Cal. Code of Regulations § 11040 also provide that work performed for the first eight (8) hours on the seventh (7th) consecutive day of work in a workweek must be compensated at not less than one and one-half (1½) times the regular rate of pay for an employee.

71. IWC Wage Order 4-2001 and 8 Cal. Code of Regulations § 11040 also provide that work in excess of twelve (12) hours in a day and/or work in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek must be compensated at not less than two (2) times the regular rate of pay for an employee.

72. PLAINTIFF worked shifts of more than eight (8) hours at GATE GOURMET without receiving minimum overtime compensation.

73. PLAINTIFF worked in excess of forty (40) hours in a workweek at GATE GOURMET without receiving overtime compensation.

74. PLAINTIFF worked on the seventh (7th) consecutive day of work in a workweek every other week at GATE GOURMET without receiving overtime compensation.

75. Pursuant to Labor Code § 1194, PLAINTIFF is entitled to recover in a civil action the unpaid balance of the full amount of overtime compensation for all hours worked in excess of eight (8) hours a day.

76. As a direct and proximate result of GATE GOURMET'S conduct, PLAINTIFF has suffered damages, in an amount to be proven at trial.

77. As a direct and proximate result of GATE GOURMET'S conduct, PLAINTIFF has suffered damages, in an amount to be proven at trial.

78. As a direct and proximate result of GATE GOURMET'S conduct, PLAINTIFF is also entitled to attorneys fees under Labor Code §§ 218.5 and 1194, in addition to interest, expenses and costs of suit.

### SEVENTH CAUSE OF ACTION
LIQUIDATED DAMAGES PURSUANT TO LABOR CODE § 1194.2
AGAINST GATE GOURMET and DOES 1 - 20

79. PLAINTIFF re-alleges and incorporates by reference all of the previous allegations herein.

80. PLAINTIFF brings an action under Labor Code §1194(a) to recover wages because GATE GOURMET did not pay PLAINTIFF minimum wages and overtime wages set by statute or as ordered by California Industrial Welfare Commission under IWC Wage Order 4-2001 and 8 Cal. Code of Regulations § 11040.

81. Minimum overtime wages are either 1.5 or 2 times an employee's hourly wage.

82. By reason of the conduct alleged hereinabove, PLAINTIFF is entitled to liquidated damages pursuant to Labor Code Section 1194.2, in an amount according to proof.

//
//

## EIGHTH CAUSE OF ACTION
### FAILURE TO PROVIDE MEAL AND REST PERIODS IN VIOLATION OF CODE §§ 226.7 AND 512 AND IWC WAGE ORDERS AGAINST GATE GOURMET and DOES 1 - 20

83. PLAINTIFF re-alleges and incorporates by reference all of the previous allegations herein

84. At all times relevant herein, Labor Code §§ 226.7 and 512 and the applicable wage IWC orders, including IWC Wage Order 4-2001 (Cal. Code Reg., tit. 8, § 11010, subds. 11(A) and 12(A)), have required GATE GOURMET to provide meal and rest periods to their employees.

85. Labor Code §§ 226.7 and 512, and the IWC wage orders, including IWC Wage Order

86. 4-2001, prohibit employers from employing an employee for more than five hours without a meal period of not less than thirty minutes during shifts of eight or more hours.

87. Labor Code § 226.7(a) provides that no employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

88. Labor Code § 226.7(b) provides that an employer who fails to provide an employee a meal period or rest period in accordance with an applicable order of the IWC shall pay the employee one additional hour of pay at the employee's regular rate of compensation or each work day that the meal or rest period is not provided.

89. During PLAINTIFF's employment, he regularly worked more than five (5) hours per day, but was never afforded an uninterrupted 30-minute meal break where he was relieved of all his job duties.

90. GATE GOURMET'S failure to provide meal periods conforming to the guidelines set forth above is a violation of IWC Wage Orders and Labor Code §226.7.

91. PLAINTIFF is entitled to receive all wages due to him for GATE GOURMET'S failure to provide required meal periods.

92. As a direct and proximate result of GATE GOURMET'S conduct, PLAINTIFF has suffered damages in an amount to be proven at trial.

93. As a direct and proximate result of GATE GOURMET'S conduct, PLAINTIFF is also entitled to attorneys fees under Labor Code §§ 218.5 and 1194, in addition to interest, expenses and costs of suit.

COMPLAINT AND JURY DEMAND OF ROBERTO ORTIZ

- 10 -

## NINTH CAUSE OF ACTION
VIOLATION OF CALIFORNIA LABOR CODE §§ 204 and 210
AGAINST GATE GOURMET and DOES 1 - 20

94. PLAINTIFF re-alleges and incorporates by reference all of the previous allegations herein.

95. All wages due to any employee are due and payable twice (2) during each month and all overtime wages must be paid no later than the payday for the next regular payroll period pursuant to Labor Code § 204.

96. GATE GOURMET did not pay PLAINTIFF all of his regular wages and all of his overtime wages within the applicable time periods set forth in Labor Code § 204, and have not paid him to date.

97. Labor Code § 210 provides for penalties for failure to pay wages pursuant to California Labor Code § 204 as one-hundred dollars ($100) for any initial violation and two-hundred dollars ($200) for each subsequent violation, plus twenty-five percent (25%) of the amount withheld.

98. As a direct and proximate result of GATE GOURMET'S conduct, PLAINTIFF is also entitled to attorneys' fees, in addition to interest, expenses and costs of suit.

## TENTH CAUSE OF ACTION
FAILURE TO PAY WAGES AND OVERTIME
29 USC 207
AGAINST GATE GOURMET and DOES 1 - 20

99. PLAINTIFF re-alleges and incorporates by reference all of the previous allegations herein.

100. On many occasions throughout PLAINTIFF's employment, GATE GOURMET engaged, suffered, or permitted PLAINTIFF to work and to work in excess of forty (40) hours in a week.

101. GATE GOURMET willfully failed to pay PLAINTIFF for all hours worked and failed to pay PLAINTIFF an overtime premium for every hour of overtime that they engaged, suffered or permitted PLAINTIFF to work.

102. GATE GOURMET made no attempt to determine the requirements of the FAIR LABOR STANDARDS ACT ("FLSA") as it applied to PLAINTIFF.

COMPLAINT AND JURY DEMAND OF ROBERTO ORTIZ
- 11 -

103. As a legal result of the aforementioned violations, PLAINTIFF suffered harm and he is entitled to recover the unpaid "straight" wages and overtime compensation, including interest thereon, costs of suit and reasonable attorneys' fees, all in an amount to be determined at trial.

104. As a legal result of the aforementioned violations, PLAINTIFF is also entitled to liquidated damages in the amount equal to the unpaid wages and the unpaid overtime compensation pursuant to 29 USC 216.

**ELEVENTH CAUSE OF ACTION**
FAILURE TO PROVIDE AN ITEMIZED WAGE STATEMENT
VIOLATION OF CALIFORNIA LABOR CODE § 226(e)
AGAINST GATE GOURMET and DOES 1 - 20

105. PLAINTIFF re-alleges and incorporates by reference all of the previous allegations herein.

106. Labor Code § 226(a) provides that every employer shall, semimonthly or at the time of each payment of wages, provide each employees with a written, itemized statement showing, *inter alia*, the gross wages earned, the total hours worked by the employee, and the applicable hourly rate in effect during the pay period and the corresponding number of hours earned at each hourly rate and the name of the employer.

107. The IWC Wage Orders also establish this requirement. (*See* 8 Cal. Code of Regs., §11040(8).)

108. Labor Code § 226(e) provides:

> An employee suffering injury as a result of a knowing and intentional failure by employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which the violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and attorneys fees.

109. GATE GOURMET have failed and continue to fail to provide accurate, itemized wage statements to PLAINTIFF, in that no wage statements were provided to PLAINTIFF, reflecting the actual hours worked, nor the wages earned.

COMPLAINT AND JURY DEMAND OF ROBERTO ORTIZ

- 12 -

110. GATE GOURMET are liable to PLAINTIFF for the amounts described above, in addition to the civil penalties provided for in Labor Code §226.3.

111. As a direct and proximate result of GATE GOURMET' conduct, PLAINTIFF is also entitled to attorneys fees under Labor Code § 226(e), in addition to interest, expenses and costs of suit.

## TWELFTH CAUSE OF ACTION
### CIVIL PENALTIES UNDER LABOR CODE § 558
### AGAINST GATE GOURMET and DOES 1 - 20

112. PLAINTIFF re-alleges and incorporates by reference all of the previous allegations herein.

113. Labor Code § 558 provides for civil penalties for violation of the Labor Codes' and IWC Wage Orders' regulations regarding hours worked.

114. Labor Code § 558 provides for civil penalties for violation of provisions regulating hours as fifty dollars ($50) for the initial pay period violation (in addition to the amount of the unpaid wages) and one-hundred dollars ($100) for each subsequent pay period violation (in addition to the amount of the unpaid wages).

115. GATE GOURMET are liable to PLAINTIFF for civil penalties pursuant to Labor Code § 558 for violation of the California Labor Codes' and IWC Wage Orders' regulations regarding hours worked based upon the facts and circumstances described above.

116. As a direct and proximate result of GATE GOURMET' conduct, PLAINTIFF suffered injuries, and are also entitled to attorney's fees, in addition to interest, expenses and costs of suit.

## THIRTEENTH CAUSE OF ACTION
### UNLAWFUL, UNFAIR AND FRAUDULENT BUSINESS PRACTICES
### IN VIOLATION OF B&P CODE §§ 17200 and 17203, et seq.
### AGAINST GATE GOURMET and DOES 1 - 20

117. PLAINTIFF incorporates by reference all of the foregoing paragraphs as though set forth fully herein.

118. B&P Code § 17200 et seq. prohibits unfair competition in the form of any unlawful, unfair or fraudulent business act or practice.

119. B&P Code § 17202 provides: "Notwithstanding Section 2289 of the Civil Code,

COMPLAINT AND JURY DEMAND OF ROBERTO ORTIZ

- 13 -

specific or preventative relief may be granted to enforce a penalty, forfeiture, or penal law in case of unfair competition."

120. B&P Code § 17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition.

121. B&P Code § 17203 also provides that any person who meets the standing requirements of Section 17204 and complies with CCP Section 382 may pursue representative claims for relief on behalf of others.

122. B&P Code § 17204 allows "any person who has suffered injury in fact and has lost money or property as a result of such unfair competition" to prosecute a civil action for violation of the Unfair Business Practices Act.

123. Labor Code § 90.5(a) states that it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with the minimum standards law.

124. Pursuant to B&P § 17202, PLAINTIFF is entitled to enforce all applicable provisions of the Labor Code.

125. Beginning at an exact date unknown to PLAINTIFF, but at least since the date two years prior to the filing of this suit, GATE GOURMET have committed acts of unfair competition as defined by the Unfair Business Practices Act, by engaging in the unlawful, unfair and fraudulent practices and acts described in this Complaint, including, but not limited to:

    a. Violations of Labor Code §§ 201, 202, 203, 204, 210, and 2698(f)(2), pertaining to unpaid wages;

    b. Violations of Labor Code §§ 226.7 and 512, and IWC Wage Orders pertaining to meal and rest period;

    c. Violations of FEHA; and

    d. Violations of Labor Code §§ 226, pertaining to itemized statement of wages.

//

//

COMPLAINT AND JURY DEMAND OF ROBERTO ORTIZ

- 14 -

126. The violations of these laws and regulations, as well as of fundamental California public policies protecting workers, serve as unlawful predicate acts and practices for purposes of B&P Code §§ 17200 and 17203, *et seq.*

127. The acts and practices described above constitute unfair, unlawful and fraudulent business practices, and unfair competition, within the meaning of B&P Code §§ 17200 and 17203, *et seq.* Among other things, GATE GOURMET' acts and practices have forced PLAINTIFF to labor without receiving compensation.

128. The acts and practices described above have allowed GATE GOURMET to gain an unfair competitive advantage over law-abiding employers and competitors.

129. As a direct and proximate result of the acts and practices described herein, PLAINTIFF has been denied compensation, in an amount to be proven at trial.

130. PLAINTIFF is entitled to restitution pursuant to B&P Code § 17203 for all wages and other compensation unlawfully withheld from him during the seven (7) year period prior to the filing of the complaint.

131. As a direct and proximate result of the aforementioned acts and practices, GATE GOURMET have received, and continue to receive, ill-gotten gains belonging to PLAINTIFF.

132. Injunctive relief is necessary and appropriate to prevent GATE GOURMET from repeating their unlawful, unfair and fraudulent business acts and practices described herein.

133. Pursuant to § 17203 and/or any other applicable law, PLAINTIFF seeks an order preventing GATE GOURMET from engaging in unlawful, unfair and fraudulent conduct, and preventing GATE GOURMET from profiting and benefiting from illegal and wrongful acts.

### FOURTEENTH CAUSE OF ACTION
BREACH OF EMPLOYMENT CONTRACT
AGAINST GATE GOURMET and DOES 1 - 20

134.    PLAINTIFF re-alleges and incorporates by reference all of the previous allegations herein.

135. PLAINTIFF's implied employment agreement created a binding contractual obligation between PLAINTIFF, on the one hand, and GATE GOURMET, on the other hand.

136. GATE GOURMET breached their contract with PLAINTIFF by not paying wages and overtime wages for all the hours PLAINTIFF worked pursuant to the employment

COMPLAINT AND JURY DEMAND OF ROBERTO ORTIZ

- 15 -

agreement.

137. As a direct and proximate result of GATE GOURMET' breach of the employment agreement, described above, PLAINTIFF has suffered, and continues to suffer, damages in the amount of $26,500 or such other amount which will be proven at trial, but which are in excess of the jurisdictional minimum of this court.

**FIFTEENTH CAUSE OF ACTION**
VIOLATION OF THE LABOR CODE PRIVATE ATTORNEYS GENERAL ACT OF 2004
("PAGA") – LABOR CODE § 2698, *et seq.*
AGAINST GATE GOURMET and DOES 1 - 20

138. PLAINTIFF re-alleges and incorporates by reference all of the previous allegations herein.

139. PLAINTIFF is aggrieved employee pursuant to California Labor Code § 2699(a), thus they are entitled to seek penalties pursuant to Labor Code §§ 201, 202, 203, 204, 210, 218.5, 226.7, 432, 510, 512, 558, 1194 and 2698(f)(2) on behalf and for the people of the State of California and the California Labor and Workforce Development Agency, in accordance with the procedures specified in the PAGA.

140. In compliance with California Labor Code §§ 210 and 211, and the PAGA, PLAINTIFF has sought the intervention of the California Labor and Workforce Development Agency to investigate and prosecute PLAINTIFF's labor code violations identified in this Complaint.

141. PLAINTIFF has complied with the PAGA notice provision set forth in the Labor Code.

142. As a direct and proximate result of GATE GOURMET'S conduct, PLAINTIFF suffered injuries, and are also entitled to attorney's fees, in addition to interest, expenses and costs of suit.

143. In committing the foregoing acts, GATE GOURMET were guilty of oppression, fraud or malice, and, in addition to the actual damages caused thereby, PLAINTIFF, the people of the State of California and the California Labor and Workforce Development Agency are entitled to recover damages for the sake of example by way of punishing PLAINTIFF.

144. PLAINTIFF requests penalties against GATE GOURMET as provided under the Labor Code, plus reasonable attorneys' fees and costs, in amounts to be proved at trial.

COMPLAINT AND JURY DEMAND OF ROBERTO ORTIZ
- 16 -

## SIXTEENTH CAUSE OF ACTION
### BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING
### AGAINST GATE GOURMET and DOES 1 - 20

145.    PLAINTIFF re-alleges and incorporates by reference all of the previous allegations herein.

146.    PLAINTIFF has an implied contractual relationship with GATE GOURMET.

147.    Inherent in the contractual relationship between PLAINTIFF, on the one hand, and GATE GOURMET, on the other hand, are the covenant of good faith and fair dealing, which implies a promise that each party will refrain from doing anything to injure the other's right to receive the benefits of the agreements between the parties, and which protects the parties' reasonable expectations. Seaman's Direct Service, Inc. v. Standard Oil Co. (1984) 36 Cal.3d 752.

148.    Injured parties may recover damages for violation of the covenant of good faith and fair dealing. Foley v. Interactive Data Corp. (1988) 47 Cal.3d 654, 682-700.

149.    GATE GOURMET violated the covenant of good faith and fair dealing in numerous respects, *inter alia*, by failing to comply with the promises it made to PLAINTIFF.

150.    As a direct and proximate result of GATE GOURMET' conduct, PLAINTIFF has suffered and continues to suffer damages in an amount according to proof.

### PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays for judgment against DEFENDANTS as follows:

1.    For a declaratory judgment that DEFENDANTS have violated California Labor Laws, the California Fair Employment and Housing Act and public policy, as alleged herein;

2.    For a declaratory judgment that DEFENDANTS have violated B&P Code §§ 17200 and 17203, *et seq.*, as a result of the aforementioned violations of the Labor Code and FEHA and of California public policy protecting workers, ensuring that workers are paid at the legally mandated rate for all hours worked;

3.    For a permanent and mandatory injunction prohibiting DEFENDANTS, their officers, agents, employees, affiliated companies, and all those working in concert with them, from committing future violations of the laws and public policies described herein;

COMPLAINT AND JURY DEMAND OF ROBERTO ORTIZ

- 17 -

4. For compensatory damages and such other damages according to proof on all causes of action;

5. For general damages for emotional distress and mental anguish according to proof;

6. For punitive damages in an amount according to proof;

7. For award of reasonable attorneys' fees, as provided by Labor Code §§ 226(e), and/or other applicable law;

8. PAGA damages for the State of California and LWDA;

9. For statutory prejudgment interest;

10. For Breach of Contract damages in the amount of $26,500;

11. For all costs of suit; and

12. For such other and further relief as this Court deems just and proper.

Dated: November 15, 2012                         KLETTER LAW FIRM

By: _____
Cary Kletter
Attorney for Plaintiff,
ROBERTO ORTIZ

COMPLAINT AND JURY DEMAND OF ROBERTO ORTIZ

- 18 -

## JURY DEMAND

PLAINTIFF hereby demands a trial by jury in this action.

Dated: November 15, 2012                    KLETTER LAW FIRM

By: _____
     Cary Kletter
     Attorney for Plaintiff,
     ROBERTO ORTIZ

COMPLAINT AND JURY DEMAND OF ROBERTO ORTIZ

- 19 -

# NOTICE OF CASE MANAGEMENT CONFERENCE

**ENDORSED FILED**
**SAN MATEO COUNTY**

NOV 2 1 2012

Clerk of the Superior Court
By _____O. Lewis_____
DEPUTY CLERK

_Roberto Ortiz_

vs.

_Gate Gourmet, Inc. et al._

Case No. _CIV 518104_

Date: _4-30-13_

Time: 9:00 a.m.

Dept. _21_ – on Tuesday & Thursday
Dept. ___ – on Wednesday & Friday

You are hereby given notice of your Case Management Conference. The date, time and department have been written above.

1. In accordance with applicable California Rules of Court and Local Rules 2.3(d)1-4 and 2.3(m), you are hereby ordered to:
   a. Serve all named defendants and file proofs of service on those defendants with the court within 60 days of filing the complaint (CRC 201.7).
   b. Serve a copy of this notice, Case Management Statement and ADR Information Sheet on all named parties in this action.
   c. File and serve a completed Case Management Statement at least 15 days before the Case Management Conference [CRC 212(g)]. Failure to do so may result in monetary sanctions.
   d. Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 212(f) no later than 30 days before the date set for the Case Management Conference.

2. If you fail to follow the orders above, you are ordered to show cause why you should not be sanctioned. The Order To Show Cause hearing will be at the same time as the Case Management Conference hearing. Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.

3. Continuances of case management conferences are highly disfavored unless good cause is shown.
4. Parties may proceed to an appropriate dispute resolution process ("ADR") by filing a Stipulation To ADR and Proposed Order (see attached form.). If plaintiff files a Stipulation To ADR and Proposed Order electing to proceed to judicial arbitration, the Case Management Conference will be taken off the court calendar and the case will be referred to the Arbitration Administrator. If plaintiffs and defendants file a completed stipulation to another ADR process (e.g., mediation) 10 days prior to the first scheduled case management conference, the case management conference will be continued for 90 days to allow parties time to complete their ADR session. The court will notify parties of their new case management conference date.
5. If you have filed a default or a judgment has been entered, your case is not automatically taken off the Case Management Conference Calendar. If "Does", "Roes", etc. are named in your complaint, they must be dismissed in order to close the case. If any party is in bankruptcy, the case is stayed only as to that named party.
6. You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.
7. The Case Management judge will issue orders at the conclusion of the conference that may include:
   a. Referring parties to voluntary ADR and setting an ADR completion date;
   b. Dismissing or severing claims or parties;
   c. Setting a trial date.
8. The Case Management judge may be the trial judge in this case.

For further information regarding case management policies and procedures, see the court's website at www.sanmateocourt.org.

*Telephonic appearances at case management conferences are available by contacting CourtCall, LLC, an independent vendor, at least 5 business days prior to the scheduled conference (see attached CourtCall information).

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.           FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN MATEO
STREET ADDRESS:  400 COUNTY CENTER
MAILING ADDRESS:  400 COUNTY CENTER
CITY AND ZIP CODE:  REDWOOD CITY, CA 94063
BRANCH NAME:  SOUTHERN

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| (Check one):  ☐ UNLIMITED CASE          ☐ LIMITED CASE<br>(Amount demanded              (Amount demanded is $25,000<br>exceeds $25,000)              or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:                    Time:                  Dept.          Div..              Room:

Address of court (if different from the address above):

☐ Notice of Intent to Appear by Telephone, by (name):

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** (answer one):
   a. ☐ This statement is submitted by party (name):
   b. ☐ This statement is submitted jointly by parties (names):

2. **Complaint and cross-complaint** (to be answered by plaintiffs and cross-complainants only)
   a. The complaint was filed on (date):
   b. ☐ The cross-complaint, if any, was filed on (date):

3. **Service** (to be answered by plaintiffs and cross-complainants only)
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served (specify names and explain why not):

      (2) ☐ have been served but have not appeared and have not been dismissed (specify names):

      (3) ☐ have had a default entered against them (specify names):

   c. ☐ The following additional parties may be added (specify names, nature of involvement in case, and the date by which they may be served):

4. **Description of case**
   a. Type of case in ☐ complaint    ☐ cross-complaint    (Describe, including causes of action):

Page 1 of 4

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. January 1, 2009]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,<br>rules 3.720–3.730<br>www.courtinfo.ca.gov

American LegalNet, Inc.<br>www.FormsWorkflow.com

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.   **Jury or nonjury trial**
The party or parties request   ☐ a jury trial   ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.   **Trial date**
a.   ☐ The trial has been set for *(date):*
b.   ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.   **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.   ☐ days *(specify number):*
b.   ☐ hours (short causes) *(specify):*

8.   **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial   ☐ by the attorney or party listed in the caption   ☐ by the following:
a.   Attorney:
b.   Firm:
c.   Address:
d.   Telephone number:
e.   Fax number:
f.   E-mail address:
g.   Party represented:
☐   Additional representation is described in Attachment 8.

9.   **Preference**
☐ This case is entitled to preference *(specify code section):*

10.   **Alternative Dispute Resolution (ADR)**
a.   Counsel   ☐ has   ☐ has not   provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
b.   ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*
c.   ☐ The case has gone to an ADR process *(indicate status):*

CM-110 [Rev. January 1, 2009]                     **CASE MANAGEMENT STATEMENT**                     Page 2 of 4

| | | CM-110 |
|---|---|---|
| PLAINTIFF/PETITIONER: | CASE NUMBER: | |
| DEFENDANT/RESPONDENT: | | |

10. d.    The party or parties are willing to participate in (check all that apply):

    (1) ☐ Mediation

    (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

    (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

    (4) ☐ Binding judicial arbitration

    (5) ☐ Binding private arbitration

    (6) ☐ Neutral case evaluation

    (7) ☐ Other (specify):

e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court (specify exemption):

**11. Settlement conference**

☐ The party or parties are willing to participate in an early settlement conference (specify when):

**12. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement (name):

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case (explain):

**13. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

☐ Bankruptcy ☐ Other (specify):

Status:

**14. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

    (1) Name of case:

    (2) Name of court:

    (3) Case number:

    (4) Status:

☐ Additional cases are described in Attachment 14a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by (name party):

**15. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action (specify moving party, type of motion, and reasons):

**16. Other motions**

☐ The party or parties expect to file the following motions before trial (specify moving party, type of motion, and issues):

CM-110 [Rev. January 1, 2009]                    **CASE MANAGEMENT STATEMENT**                    Page 3 of 4

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| | | |

c. ☐ The following discovery issues are anticipated *(specify)*:

**18. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**19. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**20. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

**21. Total number of pages attached** *(if any)*: _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: _____

_____          ▶ _____
(TYPE OR PRINT NAME)                         (SIGNATURE OF PARTY OR ATTORNEY)

_____          ▶ _____
(TYPE OR PRINT NAME)                         (SIGNATURE OF PARTY OR ATTORNEY)

                                              ☐ Additional signatures are attached.

CM-110 [Rev. January 1, 2009]          **CASE MANAGEMENT STATEMENT**                    Page 4 of 4

## Appropriate Dispute Resolution (ADR) Information Sheet
### Superior Court of California, San Mateo County

*Appropriate Dispute Resolution (ADR) is a way of solving legal problems without going to trial. All types of disputes can be resolved through ADR. The Court encourages you to use some form of ADR before you proceed to trial. The most popular form of ADR is mediation. The Multi-Option ADR Project can help you choose the option that is best for your case and refer you to an experienced ADR provider.*

### What are the Advantages of Using ADR?

☐ *Faster* – Traditional litigation can take years to complete but ADR usually takes weeks or months.

☐ *Cheaper* – Parties can save on attorneys' fees and litigation costs.

☐ *More control & flexibility* – Parties choose the ADR process most appropriate for their case.

☐ *Cooperative & less stressful* – In mediation, parties cooperate to find a mutually agreeable solution to their dispute.

### What are the Disadvantages of Using ADR?

☐ *You may go to Court anyway* – If you can't resolve your case using ADR, you may still have to spend time and money on your lawsuit.

☐ *Not free* – The neutrals charge fees (except in judicial arbitration), but you may qualify for financial aid.

### Are There Different Kinds of ADR?

☐ **Mediation** – A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options and agree on a solution that is acceptable to all sides.

☐ **Judicial Arbitration** – Is an informal hearing where a neutral person (arbitrator) reviews the evidence, hears arguments and makes a decision on your case. In non-binding judicial arbitration, parties have the right to reject the arbitrator's decision and proceed to trial. For more information regarding judicial arbitration, please see the attached sheet or call (650) 363-4896.

☐ **Binding Arbitration** – The parties agree ahead of time to accept the arbitrator's decision as final. Parties who choose binding arbitration give up their right to go to Court and their right to appeal the arbitrator's decision.

☐ **Neutral Evaluation** – A neutral person (evaluator) listens to the parties, asks them questions about their case, reviews evidence and may hear witness testimony. The evaluator helps the parties identify the most important legal issues in their case and gives them an analysis of the strengths and weaknesses of each side's case. Special neutral evaluation guidelines are available on the Court's website at www.sanmateocourt.org/adr.

☐ **Settlement Conference** – Although similar to mediation, the neutral (a judge) may take more control in encouraging parties to settle. Settlement conferences take place at the courthouse. All cases have a mandatory settlement conference approximately 2-3 weeks before the trial date. For questions regarding settlement conferences, call (650) 599-1076.

Page 1 of 3

Appropriate Dispute Resolution Information Sheet

Form adopted for Mandatory Use
Local Court Form ADR-CV-8  (New September, 2007)

[CA Rule of Court §3.221]
www.sanmateocourt.org

## How Does Voluntary Mediation/Neutral Evaluation Work in San Mateo County?

☐ The person who files the lawsuit (the plaintiff) must include this ADR Information Sheet with the complaint when serving the defendants in the case.

☐ All the parties in your case will meet with a judge at your first Case Management Conference (CMC), which is scheduled within 120 days of the filing of the complaint. The judge will speak to you about your voluntary ADR options, encourage you to participate in ADR and ask you to meet with Court ADR staff.

☐ If you and the parties decide to use ADR, Local Rule 2.3(i)(3) states that you must file a *Stipulation and Order to ADR* with the Court Clerk's Office. This form lets the Court know both whom you have selected as your ADR neutral and the date of the ADR session.

☐ You and the other parties can find your own ADR neutral for the case or use a neutral who is on the Court's ADR Panel.
   o For a list of Court ADR neutrals and their resumes, visit the Court's website at www.sanmateocourt.org/adr. (Go to "Civil ADR Program," "Civil ADR Program Panelist List" and click on any provider's name.)

☐ If you decide to do ADR and file a *Stipulation and Order to ADR* at least 10 days before your first CMC, the Court will postpone (continue) your first CMC for 90 days to allow the parties time to resolve the case using ADR. The Clerk's Office will send you a notice with your new CMC date.

☐ Within 10 days of completing ADR, you and your lawyer (if you have one) must fill out either an Evaluation By Attorneys or Client Evaluation and mail or fax it to the ADR offices at 400 County Center, Courtroom 2F, Redwood City, CA 94063; (650) 599-1754 (fax).

## Do I Have to Pay to Use ADR?

☐ Yes. You and the other parties will pay the ADR neutral directly. However, you do not have to pay the Court for either judicial arbitration or for the mandatory settlement conference that is scheduled before your trial.

☐ If you expect to have difficulty paying the ADR provider's fee, ask the ADR Coordinator for a financial aid application. You will need to fill out this application to determine whether or not you qualify for financial assistance.

In San Mateo County, parties also can take their case to the community mediation organization, the Peninsula Conflict Resolution Center ("PCRC"), and have their case mediated by PCRC's panel of trained and experienced volunteer mediators. To learn more about programs and fees, contact PCRC's Manager of Mediation Programs at (650) 513-0330.

**For more information, visit the court website at www.sanmateocourt.org/adr or contact the Multi-Option ADR Project: 400 County Center, Courtroom 2F, Redwood City, CA 94063. (650) 599-1070, (650) 599-1073/fax: (650) 599-1754**

Page 2 of 3

Appropriate Dispute Resolution Information Sheet

Form adopted for Mandatory Use
Local Court Form ADR-CV-8 [New September, 2007]

[CA Rule of Court §3.221]
www.sanmateocourt.org

*Judicial Arbitration, one of the available Appropriate Dispute Resolution (ADR) options, differs from other options in that it is usually court-ordered, unless the parties agree to it.*

## What are the Advantages of Using Judicial Arbitration?

❑ *Free* - Parties do not have to pay for the arbitrator's fee.

❑ *Fast* - Parties are usually given 120 days from the date of the Case Management Conference (CMC) to have their case heard by the appointed arbitrator.

❑ *Informal* - The hearing is conducted by an arbitrator who issues an award. (Arbitrators are usually attomeys who practice or have practiced in San Mateo County.)

## What are the Disadvantages of Using Judicial Arbitration?

❑ The award issued by the arbitrator is not always binding (unless the parties stipulated otherwise). If any party requests a trial within 30 days of the award, the award becomes void and the case continues on to trial.

## How Does Judicial Arbitration Work in San Mateo County?

❑ During your first CMC hearing, the judge may decide to order you to judicial arbitration. You will then receive instructions and a proposed list of arbitrators in the mail.

❑ Parties also may agree to judicial arbitration by filing a *Stipulation and Order to ADR* form at least 10 days before the first CMC. The CMC clerk will then vacate your CMC hearing and send the case to arbitration. The parties will receive instructions and a proposed list of arbitrators in the mail.

❑ Parties can stipulate (agree) to an arbitrator on the Court's Judicial Arbitration Panel list. Otherwise, proposed names of arbitrators will be sent to the parties.

  o For a list of arbitrators, their resumes, and other information, visit the Court's website at www.sanmateocourt.org/adr. (Go to "Judicial Arbitration Program," "Judicial Arbitration Panelist List" and click on the arbitrator's name. To view the arbitrators by subject matter, click on "Judicial Arbitration Panelists by Subject Matter.")

❑ After the arbitration hearing is held and the arbitrator issues an award, the parties have 30 days to tum down/reject the award by filing a Trial de Novo (unless they have stipulated that the award would be binding).

❑ If the parties reject the award and request a Trial de Novo, the Court will send out notices to the parties of the Mandatory Settlement Conference date and the trial date.

❑ Following your arbitration hearing, you will also receive an evaluation form to be filled out and retumed to the Arbitration Administrator.

**For more information, visit the court website at www.sanmateocourt.org/adr or contact Judicial Arbitration: 400 County Center, First Floor, Redwood City, CA 94063. Phone: (650) 363-4896 and Fax: (650) 365-4897**

Appropriate Dispute Resolution Information Sheet

Form adopted for Mandatory Use
Local Court Form ADR-CV-8 [New September, 2007]

[CA Rule of Court §3.221]
www.sanmateocourt.org

| Attorney or Party without Attorney<br>(Name, Address, Telephone, Fax, State Bar membership number): | Court Use Only |
|---|---|
| **Superior Court of California, County of San Mateo**<br>Hall of Justice and Records<br>400 County Center<br>Redwood City, CA 94063-1655   (650) 363-4711 | |
| Plaintiff(s): | Case Number: |
| Defendant(s): | Current CMC Date: |

### STIPULATION AND ORDER TO APPROPRIATE DISPUTE RESOLUTION

Plaintiff will file this stipulation with the Clerk's Office 10 days prior to or 3 weeks following the first Case Management Conference unless directed otherwise by the Court and ADR Director [*Local Rule 2.3(i)(3)*]. Please attach a Service List.

The parties hereby stipulate that all claims in this action shall be submitted to (select one):

☐ Voluntary Mediation                                    ☐ Binding Arbitration (private)
☐ Neutral Evaluation                                     ☐ Settlement Conference (private)
☐ **Non-Binding Judicial Arbitration CCP 1141.12**      ☐ Summary Jury Trial
☐Other: _____

Case Type: _____
Neutral's name and telephone number: _____
Date of session: _____
(Required for continuance of CMC except for non-binding judicial arbitration)
Identify by name the parties to attend ADR session: _____

---
ORIGINAL SIGNATURES
---

Type or print name of ☐Party without attorney          ☐Attorney for (Signature)

☐Plaintiff/Petitioner ☐Defendant/Respondent/Contestant    Attorney or Party without attorney

Type or print name of ☐Party without attorney          ☐Attorney for (Signature)

☐Plaintiff/Petitioner ☐Defendant/Respondent/Contestant    Attorney or Party without attorney

ADR-CV-2 [Rev. 9/04]                Page 1 of 2                www.sanmateocourt.org

## STIPULATION AND ORDER TO APPROPRIATE DISPUTE RESOLUTION

---

Type or print name of ☐Party without attorney

☐Plaintiff/Petitioner ☐Defendant/Respondent/Contestant

---

☐Attorney for (Signature)

Attorney or Party without attorney

---

Type or print name of ☐Party without attorney

☐Plaintiff/Petitioner ☐Defendant/Respondent/Contestant

---

☐Attorney for (Signature)

Attorney or Party without attorney

**IT IS SO ORDERED:**

DATE:

---

JUDGE OF THE SUPERIOR COURT OF SAN MATEO COUNTY

Superior Court of California, County of San Mateo

## DIVISION II
## COURT MANAGEMENT - SUPERIOR COURT

## CHAPTER 1.  FORM AND SERVICE OF PAPERS

### Rule 2.0  Transfer of Court-Related Functions of the County Clerk to the Superior Court

Pursuant to the authority contained in Government Code section 69898, the court hereby transfers from the County Clerk to the Superior Court Executive Officer, under the direction of the Presiding Judge, all of the powers, duties, and responsibilities required or permitted to be executed or performed by the County Clerk in connection with judicial actions proceedings, and records.

(Adopted, effective July 1, 1996.)

### Rule 2.1  Form of Papers Presented for Filing

Reference, CRC, rule 2.100, et seq.

(Adopted, effective July 1, 1996) (Amended effective January 1, 2000) (Amended, effective January 1, 2007)

### Rule 2.1.1 Citations to Non-California Authorities.

(Adopted, effective July 1, 1996)(Repealed, effective January 1, 1999)

### Rule 2.1.2  Requests for Judicial Notice

(Adopted, effective July 1, 1996)(Repealed, effective January 1, 1999)

### Rule 2.1.3 California Environmental Quality Act (CEQA)

If a petition for writ of mandate includes claims under CEQA (Public Resources Code section 21000 et. seq.), the case will be assigned to a judge designated to hear CEQA actions pursuant to Public Resources Code section 21167.1.  Plaintiff shall identify the petition as being filed pursuant to "CEQA" on the face of the petition.

(Adopted, effective January 1, 1999)(renumbered from 2.1.4 effective January 1, 2000)

### Rule 2.1.4 Documents Produced Through a Nonparty

If a party proposes to obtain documents in the custody of a nonparty, as by a subpoena duces tecum, and such documents may be produced by certification or otherwise in lieu of personal appearance by a witness custodian, the request for such documents should specify that they be delivered not later than the first day for which the trial is calendared.

(Adopted, effective January 1, 2000)

Div II – Rules                                    200                                    Revised 1/1/2009

Superior Court of California, County of San Mateo

## CHAPTER 2. CIVIL TRIAL COURT MANAGEMENT RULES
### PART 1. MANAGEMENT DUTIES

Rule 2.2    Trial Court Management

Reference CRC, rules 3.700, 3.710-3.713, 10.900, 10.901

(Adopted, effective January 1, 2000) (Amended, effective January 1, 2007)

### PART 2. CASEFLOW MANAGEMENT

Rule 2.3  New Case Management

This rule applies to all civil cases with the exception of the following:  (1) juvenile court matters; (2) probate matters; (3) family law matters; and (4) civil cases which, based on subject matter, have been assigned to a judge, or to more than one judge, for all purposes.  For rules applicable to these exceptions, see CRC 2.20, 2.30, 2.570-2.573, 2.585, 2.810-2.819, 2.830-2.834, 3.650, 3.700-3.735, 3.920-3.927, 3.1370, 3.1380-3.1385, 3.1590-3.1591, 3.1806; 5.590, 10.900-10.901, 10.910, 10.950-10.953.

(a)    Purposes and Goals

The purposes and goals of the San Mateo Superior Court Civil Case Management System effective January 1, 1992 are:

(1)    To manage fairly and efficiently, from commencement to disposition, the processing of civil litigation.

(2)    To prepare the bench and bar for full implementation of the Trial Court Delay Reduction Act (A.B. 3820) on July 1, 1992; and

(3)    To encourage parties to agree to informal discovery early in the life of the case, to use standard form interrogatories and to promote alternative dispute resolution.  Nothing in these rules is intended to prevent the parties from stipulating to an earlier intervention by the court by way of a case management conference, settlement conference or any other intervention that seems appropriate.

(4)    In accordance with Sections 3.710-3.715, 10.900, 10.901 of the California Rules of Court, Local Rule 2.3 is adopted to advance the goals of Section 68603 of the Government Code and Section 2.1 of the Standards of Judicial Administration recommended by the Judicial Council.

(b)    Team concept

Beginning January 1, 1994 civil litigation will be managed primarily by a team of two program judges.

The clerk will assign the case to a program judge at the time the complaint is filed.  The case shall be managed by the assigned program judge until disposition or until the case is assigned to a trial department.

Div II - Rules                                        201                                    Revised 1/1/2009

Superior Court of California, County of San Mateo

(c)    Cases filed after July 1, 1992

Upon the filing of a complaint after July 1, 1992, the case shall be subject to all of the civil case management system rules set forth below. Cases filed before July 1, 1992 shall also be subject to these rules except for subsection (d) (Filing and service of pleadings; exceptions).

(d)    Filing and service of pleadings; exceptions.

(1)    Complaint: Except as provided in paragraph 5 below, plaintiff shall within 60 days after filing of the complaint serve the complaint on each defendant along with:

(A)    A blank copy of the Judicial Council Case Management Statement;

(B)    A copy of Local Rule 2.3;

(C)    The Notice of Case Management Conference.

If a matter has been submitted to arbitration pursuant to uninsured motorist insurance, the plaintiff shall file a notice to that effect with the court at the time of filing the complaint, or at the time the matter is submitted. The notice shall include the name, address and telephone number of the insurance company, along with the claim number or other designation under which the matter is being processed.

(2)    Cross-complaint: Except as provided in paragraph (5) below, each defendant shall within 30 days after answering the complaint file any cross-complaint (within 50 days if compliance with a governmental claims statute is a prerequisite to the cross-complaint) not already served with the answer under Code of Civil Procedure section 428.50 and serve with that cross-complaint:

(A)    A blank copy of the Judicial Council Case Management Statement;

(B)    A copy of Local Rule 2.3;

(C)    The Notice of Case Management Conference.

(3)    Responsive pleadings: Except as provided in paragraph 5 below, each party served with a complaint or cross-complaint shall file and serve a response within 30 days after service. The parties may by written agreement stipulate to one 15-day extension to respond to a complaint or cross-complaint.

If the responsive pleading is a demurrer, motion to strike, motion to quash service of process, motion for a change of venue or a motion to stay or dismiss the case on forum non conveniens grounds, and the demurrer is overruled or the motion denied, a further responsive pleading shall be filed within 10 days following notice of the ruling unless otherwise ordered. If a demurrer is sustained or a motion to strike is granted with leave to amend, an amended complaint shall be filed within 10 days following notice of the ruling unless otherwise ordered. The court may fix a time for filing pleadings responsive to such amended complaint.

(4)    Proofs of service: Proofs of service must be filed at least 10 calendar days before the case management conference.

(5)    Exceptions for longer periods of time to serve or respond:

Div II - Rules                                    202                           Revised 1/1/2009

Superior Court of California, County of San Mateo

(A)    Time to serve may be extended for good cause: Upon ex parte application to the court, *in compliance with California Rules of Court 3.1200 –3.1206*, within 60 days of the date the complaint was filed, plaintiff may obtain an extension of time to serve to a date on or before the case management conference, if good cause is shown by declaration of counsel (or plaintiff filing in propria persona). An additional extension of the time to serve (an initial extension if the application is by a cross-complainant) may be obtained upon written application to the court upon good cause shown before the prior extension has expired. The filing of a timely application for an extension will automatically extend the time to serve by five days, whether or not the application is granted.

Good cause will be found if the declaration shows that the action is filed against a defendant who is an uninsured motorist, and the plaintiff's claim is subject to an arbitration provision in plaintiff's contract of insurance. In determining good cause in other cases, the court will give due consideration to any standards, procedures and policies which have been developed in consultation with the bar of the county through the bench-bar trial court delay committee.

(B)    Additional extension of time if uninsured motorist arbitration is pending. In addition to any extension of time obtained pursuant to subsection (5)(A) above, if an uninsured motorist arbitration is still pending between plaintiff and plaintiff's insurance carrier 30 days prior to the expiration of the extension, plaintiff may obtain an additional extension of time by an ex parte application supported by a declaration showing the scheduled or anticipated date of the arbitration hearing and the diligence of plaintiff in pursuing arbitration.

(C)    Time to respond may be extended for good cause: Before the time to respond has expired, any party served with a complaint or cross-complaint may, with notice to all other parties in the action, make ex parte application to the court upon good cause shown for an extension of time to respond. The filing of a timely application for an extension will automatically extend the time to respond by five days, whether or not the application is granted.

(e)    Case management conference

(1)    Date of conference: Unless the parties stipulate in writing and the court orders that the case be earlier referred to arbitration, a case management conference will be set by the clerk at the time the complaint is filed. (Government Code 68616)

(2)    Attendance at the case management conference is mandatory for all parties or their attorneys of record.

(3)    Plaintiff must serve the Notice of Case Management on all parties no later than 30 calendar days before the conference, unless otherwise ordered by the Court.

(4)    The Court will deem the case to be at-issue at the time of the conference (Reference: CRC 3.714(a)) absent a showing of extraordinary circumstances.

(5)    The conference may be set at an earlier date by order of the Court or by written stipulation of the parties.

(6)    Designation of trial counsel: Trial counsel and, except for good cause shown, back-up trial counsel, must be specified at the case management conference. If such counsel is not

Div II - Rules                                    203                                    Revised 1/1/2009

Superior Court of California, County of San Mateo

specified, relief from the scheduled trial date may not be obtained based upon the ground that counsel is engaged elsewhere.

(7)       Conference orders: At the initial conference, the program judge will make appropriate pre-trial orders that may include the following:

(A)    An order referring the case to arbitration, mediation or other dispute resolution process;

(B)    An order transferring the case to the limited jurisdiction of the superior court;

(C)    An order assigning a trial date;

(D)    An order identifying the case as one which may be protracted and determining what special administrative and judicial attention may be appropriate, including special assignment;

(E)    An order identifying the case as one which may be amenable to early settlement or other alternative disposition technique;

(F)    An order of discovery; including but not limited to establishing a discovery schedule, assignment to a discovery referee, and/or establishing a discovery cut-off date;

(G)    An order scheduling the exchange of expert witness information;

(H)    An order assigning a mandatory settlement conference date pursuant to Local Rule 2.3(k) and 2.4; and

(I)    Other orders to achieve the interests of justice and the timely disposition of the case.

(8)    CourtCall Telephonic Appearances

(A)    Reference CRC, Rule 3.670

(B)    Procedure. Telephonic appearances through the use of CourtCall, an independent vendor, are permitted at case management conference hearings. A party wishing to make a telephone appearance must serve and file a Request for Telephone Appearance Form with CourtCall not less than five court days prior to the case management conference hearing. Copies of the Request for CourtCall Appearance form and accompanying information sheet are available in the Clerk's office. There is a fee to parties for each CourtCall appearance and fees are paid directly to CourtCall. CourtCall will fax confirmation of the request to parties.

(C)    On the day of the case management conference hearing, counsel and parties appearing by CourtCall must check-in five minutes prior to the hearing. Check-in is accomplished by dialing the courtroom's dedicated toll-free teleconference number and access code that will be provided by CourtCall in the confirmation. Any attorney or party calling after the check-in period shall be considered late for the hearing and shall be treated in the same manner as if the person had personally appeared late for the hearing.

Div II - Rules                                            204                                    Revised 1/1/2009

Superior Court of California, County of San Mateo

> (D)     At a case management conference, parties may be referred to an appropriate dispute resolution ("ADR") process (e.g., mediation, binding arbitration or neutral evaluation).   If parties are referred ADR, they must redial the dedicated toll-free teleconference number immediately following their case management conference appearance and use a second CourtCall access code to telephonically appear at the ADR referral meeting with ADR staff.  If a case has been referred to ADR, a party's case management conference appearance is not complete until they have also telephonically appeared at the mandatory ADR referral.  If parties are referred to judicial arbitration, they do not have to appear at the ADR referral.

(f)     Case Management Statement

At least 15 calendar days before the scheduled case management conference, each party shall file with the court and serve on all other parties a completed Judicial Council Case Management Statement. If the case is set for further case management conference hearing(s), all parties must file updated Case Management Statements 15 (fifteen) calendar days prior to the scheduled hearings(s).

(g)     Appropriate Dispute Resolution; ADR, Policy Statement

The Court finds it is in the best interests of parties to litigation to participate in appropriate dispute resolution procedures, including but not limited to mediation, neutral evaluation, private or judicial arbitration, voluntary settlement conferences, and the use of special masters and referees. Therefore, all parties shall stipulate to, or be referred to, an appropriate form of dispute resolution before being set for trial, unless there is good cause to dispense with this requirement. Parties are encouraged to stipulate to judicial arbitration or ADR prior to the case management conference.

(h)     Stipulations to Arbitration

(1)     If the case is at issue, and all counsel and each party appearing in propia persona stipulate in writing to judicial arbitration prior to the case management conference, discovery will remain open following judicial arbitration. A written stipulation to judicial arbitration must be filed with the clerk and a copy immediately sent to the Master Calendar Coordinator at least 10 calendar days before the case management conference in order to avoid the need to appear at that conference. A written stipulation to arbitrate will be deemed to be without a limit as to the amount of the award unless it expressly states otherwise.

(2)     It is the policy of this court to make every effort to process cases in a timely manner. Parties who elect or are ordered b the court to judicial arbitration must complete the arbitration hearing within the time frame specified by the court.

Parties who wish to continue the arbitration hearing after the jurisdictional time frame must submit a court provided form entitled *"Ex Parte Motion and Stipulation for continuance of Judicial arbitration Hearing."* Parties can obtain a copy of the form by contacting the court's judicial arbitration administrator [See Local Rule 10.1(d)(1)]. Continuances without adequate grounds will not be considered. A case management judge will either grant or deny the request for continuance. If the request is denied, the case may be assigned a trial date. If the request is granted, the judge will impose a new deadline by which the arbitration must be completed.

(3)     Parties who wish to change their election from judicial arbitration to another form of ADR must file a "Stipulation and [Proposed] Order to [Mediation, Neutral Evaluation, etc.] in Lieu of [Court-Ordered] Judicial Arbitration" with the Clerk of the Court. The Stipulation must

Div II - Rules                                            205                                            Revised 1/1/2009

Superior Court of California, County of San Mateo

state that parties have: (i) notified both the judicial arbitration and ADR coordinators; (ii) cancelled the judicial arbitration hearing: (iii) scheduled the ADR session within five months of the previously scheduled judicial arbitration hearing; and (iv) stipulated to a trial date, which is not more than six months from the previously scheduled judicial arbitration hearing.

(i)     Stipulations to Private ADR

(1)     If a case is at issue and all counsel and each party appearing in propria persona stipulate in writing to ADR and file a completed Stipulation and Order to ADR with the clerk of the court at least ten (10) calendar days before the first scheduled case management conference, that conference shall be continued 90 days.  The court shall notify all parties of the continued case management conference.

(2)     If counsel and each party appearing in propria persona are unable to agree upon an appropriate ADR process, they shall appear at the case management conference.

(3)     Following an appearance at a case management conference hearing, parties shall, within 21 calendar days , file a completed Stipulation to ADR and Proposed Order identifying the name of the ADR provider, date of ADR session and the names of those who will be in attendance at the ADR session.  The completed Stipulation to ADR and Proposed Order shall be filed with the court by plaintiff's counsel.  The parties, through counsel, if represented, shall confer with the court's Multi-Option ADR Project (M.A.P.) staff if they cannot agree on a provider.  Plaintiff's counsel, shall additionally, send a copy of the completed Stipulation to the court's M.A.P. offices within the same 21-day period.

(4)     All parties and counsel shall participate in the ADR process in good faith.

(5)     To maintain the quality of ADR services the court requires cooperation from all parties, counsel and ADR providers in completing ADR evaluation forms, and returning these forms to the M.A.P. offices within 10 calendar days of the completion of the ADR process.

(6)     ADR Program Complaint Policy  If mediation session participants have a concern about the mediation process or the conduct of a mediator affiliated with the court's program, the court encourages them to speak directly with the mediator first.  In accordance with California Rules of Court §3.865 et seq., parties may also address written complaints, referencing the specific Rule of Court allegedly violated, to the Court's Civil ADR Program Coordinator.  (For complete complaint procedure guidelines, see court web site: www.sanmateocourt.org/adr/civil)

(7)     In accordance with the Code of Civil Procedure, section 1033.5(c)(4), the court, in its discretion, may allow the prevailing party at trial the fees and expenses of the ADR provider, unless there is a contrary agreement by the parties.

(j)     Setting Short Cause Matters

If the parties agree that the time estimated for trial is 5 hours or less prior to the conference, a written stipulation shall be filed at least 10 calendar days before the case management conference in order to avoid the need to appear at that conference and a copy immediately sent to the Master Calendar Coordinator.  In the absence of a stipulation, either party may file a motion to have the matter designated a "short cause" and set the case accordingly.  All such matters shall be presumed short cause unless the contrary is established at the hearing on the motion.

(k)     Law and Motion

Div II - Rules                                    206                                    Revised 1/1/2009

Superior Court of California, County of San Mateo

All law and motion matters shall be heard by the regularly assigned Law and Motion judge.

(l)    Settlement Conferences

All cases not assigned to arbitration or some other dispute resolution mechanism will be assigned two settlement conference dates, the first of which will be at the earliest practicable date under the circumstances presented by the case, and the second within approximately two weeks prior to the assigned trial date.

Cases assigned to arbitration or other form of ADR may be subjected to a settlement conference prior to the arbitration or ADR process, but will be assigned to a pre-trial settlement conference only if the arbitration/ADR procedure fails to resolve the case.

All cases which fail to resolve by the trial date will be subject to an additional settlement conference on the trial date.

*All* settlement conferences shall be subject to the requirements specified in Local Rule 2.4.

(m)    Sanctions

Sanctions pursuant to CRC 2.30 shall be imposed for any violation of the civil case management system rules. The minimum sanction imposed shall be $150.00 payable to the court; sanctions payable to the court may be larger where appropriate and will be in addition to appropriate attorney fees and calendar changes, including any appropriate change in calendar status of the action.

Sanctions mandated hereby may be waived by the judge conducting the conference only upon an application showing good cause why sanctions should not be imposed.

(Adopted, effective July 1, 1996)(Amended, effective January 1,2000) (Amended, effective January 1, 2003) (Amended effective July 1, 2003) (Amended, effective January 1, 2005)(Amended, effective January 1, 2006) (Amended, effective January 1, 2007) (Amended, effective January 1,2010)

Rule 2.3.1 Orders to Show Cause re: Dismissals

(a)    A hearing on an order to show cause why the case should not be dismissed for failure to prosecute the matter shall be set at the two year anniversary of the filing of the complaint and/or cross-complaint.

(b)    An order to show cause hearing shall be set 45 days after court's receipt of notice of settlement.

(c)    An order to show cause hearing regarding dismissals may be set by the court to achieve the interests of justice and the timely disposition of the case.

(d)    An order to show cause hearing re: failure to complete judicial arbitration within the court-ordered time frame may be heard during the case management calendar. Sanctions may be imposed and a trial date may be assigned.

(Adopted, effective January 1,2000) (Amended, effective January 1, 2003)(Amended, effective January 1, 2006)

Rule 2.4 Settlement Conference

Reference: California Rule of Court, rule 3.138.

Div II - Rules                                    207                          Revised 1/1/2009

Superior Court of California, County of San Mateo

(a)    At all settlement conferences, notwithstanding any other Rule:

(1)    The attorney who will try the case or an informed associate with full authority to negotiate a settlement of the case shall personally attend.

(2)    Any persons whose consent is required to authorize settlement shall personally attend; those parties that are corporations shall have in attendance an officer or other employee with authority to bind the corporation. Powers of attorney, oral or written, granting counsel settlement authority are unacceptable as a substitute for personal attendance at this conference. Defendant and cross-defendant shall personally attend if there is no insurance coverage, if there is an unsatisfied deductible, or if the insurance carrier is demanding that the insured contribute to settlement.

(3)    With respect to any insured party, a representative of the insurance carrier with authority to settle which is meaningful considering the exposure to loss presented shall personally attend. If the claims representative in personal attendance has any limitation on his or her settlement authority, a representative of the carrier who has no such limitations shall be available to the court by telephone and shall remain available until released by the judge conducting the conference, regardless of the time of day at the location of that representative.

(4)    Upon arrival at the department to which the conference has been assigned, counsel shall check in with the clerk and shall verify the attendance of those persons whose presence is required.

(5)    Notwithstanding the provisions of CRC 3.1380(c), no later than five(5) court days before the date set for the settlement conference each party shall lodge with the office of the court administrator and serve on all other parties a written statement setting forth the following:

(A)    A statement of facts.

(B)    The contentions of each party to the action regarding liability and damages.

(C)    An itemized list of special damages.

(D)    In any case in which personal injury is claimed:

(i)    A description of the nature and extent of any injury claimed, including residuals.

(ii)    A description of the basis for and method of calculation of any claimed wage loss.

(E)    The most recent demand and offer or a description of any other proposed settlement between or among the parties.

(6)    All parties shall be prepared to make a bona fide offer of settlement.

(b)    The personal attendance of any person who is required by these rules to be present may be excused only by the presiding judge upon application made prior to the day on which the conference is scheduled. Any such person whose attendance is excused must remain available by telephone until he or she has been excused by the judge conducting the conference regardless of the time of day at the location of that person.

Div II - Rules                                      208                              Revised 1/1/2009

Superior Court of California, County of San Mateo

(c)  No conference may be continued without the consent of the presiding judge or, if known, the judge to whom the case has been assigned for conference.

(d)  At all such conferences, the judge of the department to which the conference has been assigned shall first attempt to settle the case. If settlement discussions are inconclusive, the judge may adjourn the conference to a later date for further settlement discussions.

(e)  Sanctions pursuant to CRC 2.30 shall be imposed for any violation of this rule. The minimum sanction imposed shall be $150.00 payable to the court; sanctions payable to the court may be larger where appropriate and will be in addition to appropriate attorney fees and calendar changes.

Sanctions mandated hereby may be waived by the judge conducting the conference only upon an application showing good cause why sanctions should not be imposed.

(Adopted, effective July 1, 1996) (Amended, effective January 1, 2003)(Amended, effective July 1, 2005) (Amended, effective January 1, 2007) (Amended, effective January 1, 2009)

## PART 3. CALENDAR MANAGEMENT

Rule 2.5  Trial Date Settlement Conference

A further settlement conference shall be held on the date the case is called for trial in accordance with the procedures outlined in and with the attendance of those persons designated in Local Rule 2.4.

(Adopted, effective July 1, 1996)

Rule 2.6  Refund of Jury Fees:  Duty to Notify Court

(Adopted, effective July 1, 1996) (REPEALED and Renumbered as Rule 2.7.6)

## CHAPTER 3.  [RESERVED]

Div II - Rules                                        209                                        Revised 1/1/2009

Superior Court of California, County of San Mateo

## CHAPTER 4. JURY RULES

Rule 2.7 Length of Jury Service

In compliance with CRC 2.1002, a person has fulfilled his or her jury service obligation when he or she has:

    (a)    Served on one trial until discharged.

    (b)    Been assigned on one day for jury selection until excused by the jury commissioner.

    (c)    Attended court but was not assigned to a trial department for selection of a jury before the end of that day.

    (d)    Been assigned to a trial department for selection of a jury and has been excused by the trial judge.

    (e)    Served one day on call.

    (f)    Served no more than 5 court days on telephone standby.

(Adopted, effective January 1, 2000) (Amended, effective January 1, 2007)

Rule 2.7.1 Proposed Jury Instructions

(a)    Reference California Rules of Court, Rules 2.1055 and 2.1050.

(b)    The Trial Department shall determine in its discretion the timing of submission of proposed jury instructions.

(Amended, effective January 1, 2002) (Amended, effective January 1, 2006) (Amended, effective January 1, 2007)

Rule 2.7.2 Duty Of Counsel with Respect to Jury Instructions

Before delivery of proposed jury instructions to the trial judge and opposing counsel, counsel shall fill in all blanks, make all strikeouts, insertions and modifications therein which are appropriate to the case. Submission of a form, which requires additions or modifications to constitute a complete and intelligible instruction, shall not be deemed a request for such instruction.

In addition to a hard copy of the proposed jury instructions, counsel shall provide the modified instructions on a CD or USB flash drive, also commonly referred to as a thumb drive, and a clean copy of the instructions to be given to the jury.

(Adopted, effective January 1, 2000) (Amended, effective January 1, 2006) (Amended, effective January 1, 2010)

Rule 2.7.3  Form of Proposed Jury Instructions (CCP §§ 607a, 609.)

All proposed jury instructions shall conform to the requirements of California Rules of Court, Rule 2.1055. Any jury instructions requested after the conclusion of taking evidence shall be in writing.

Div II - Rules        210        Revised 1/1/2009

Superior Court of California, County of San Mateo

The court, in its discretion, may permit instructions to be sent into the jury room in "Booklet Form". In "Booklet Format" the text of the instruction is printed continuously on the page and may result in several instructions to the page. Such instructions may be accompanied by a table of contents.

(Adopted, effective January 1, 2000) (Amended, effective January 1, 2006) (Amended, effective January 1, 2007)

### Rule 2.7.4  Changing Jury Instructions

If, after the jury instruction conference and at any time before giving the instructions and verdict and findings forms to the jurors, the trial judge determines to make any substantive change therein, all parties should be so advised on the record outside the hearing of jurors.

(Adopted, effective January 1, 2000)

### Rule 2.7.5  Jury Instruction Conference

Before final argument and after submission to the trial judge of all proposed jury instructions, verdict and findings forms, a conference outside the presence of jurors will be held. Ordinarily, a reporter or recorder is not required at the commencement of such conference.

In the event the trial judge intends to give any instructions or use any form of verdict or findings on the court's own motion, such instructions, verdicts or findings should be delivered to counsel.

The trial judge will then discuss with counsel:

(1)     Whether any requested proposed instructions, verdicts or findings are patently inappropriate and will be voluntarily withdrawn;

(2)     Whether there is any patent omission of instructions, verdicts or findings which are appropriate and that may be given without objection;

(3)     Whether there is any other modification, namely those to which the parties will stipulate.

Counsel shall meet prior to this conference to discuss each other's jury instructions and classify them into (1), (2) and (3) above.

The foregoing unreported conference will generally result in clarification of the matters, and creation of three categories of instructions, verdicts or findings that may be withdrawn, given or modified.

Thereafter, the conference should be reported and the trial judge should confirm for the record the matters agreed upon. The trial judge should also specify those instructions, verdicts and findings forms the court proposes to give, refuse or modify, whether at the request of a party or on the court's own motion. The court will hear any objections to the foregoing and rule thereon.

The trial judge should sign each requested instruction and indicate the disposition thereof, all of which shall be thereafter filed by the clerk. If a requested instruction is withdrawn, counsel shall so indicate by writing "withdrawn" and signing or initialing such instruction.

(Adopted, effective January 1, 2000)

Superior Court of California, County of San Mateo

Rule 2.7.6  Refund of Jury Fees:  Duty to Notify Court

Jury fees shall be refunded pursuant to CCP Section 631.3 only if the party depositing the fees has given the master calendar coordinator written notice, at least two court days before the trial date, that the case settled, dropped or that the party's motion for continuance has been granted.

(Adopted, effective July 1, 2004 [former Rule 2.6])

## CHAPTER 5.  GENERAL RULES

Rule 2.8  Family Law Rules

The local rules of San Mateo Superior Court relating to Family Law are contained in Division V of these rules, infra.

(Adopted, effective July 1, 1996)

Rule 2.9  Required Action

Action shall be taken on all calendared cases and a future date for action shall always be set.  No case shall go "off calendar" without a future action being set.

(Adopted, effective July 1, 1996.)

Rule 2.10  Interpreters and Translators

a)      Notice.  When a party desires an interpreter, it shall be the responsibility of that party to give notice to the Court and all other parties of record.  That party shall make arrangements for the presence and the payment of the interpreter.

b)      Qualifications.  Unless the interpreter is an official court interpreter, the interpreter's name and qualifications shall be provided to the court and opposing counsel five (5) court days prior to the date of the interpreter's appearance .  If the interpreter is an official court interpreter, no prior disclosure is required.

c)      Relations or friends.  Without the consent of all parties, a relation or a friend may not be used as an interpreter or translator in a contested proceeding.

(Adopted, effective January 1, 2000)

**Rules 2.11 thru 2.19 (Reserved)**

## CHAPTER 6:  CIVIL TRIAL RULES

Rule 2.20  Trial Motions, Briefs, Statements, and Witness Lists

Upon assignment to a trial department for trial by a jury, each party shall file with that department the following:
     (1)    Any in limine motions and response thereto;
     (2)    Any trial briefs;
     (3)    A concise non-argumentative statement of the case to be read to the jury; and

Superior Court of California, County of San Mateo

  (4) A list of possible witness who may testify in the trial to be read to the jury panel by the court.

(Adopted, effective January 1, 2002)

### Rule 2.21 In Limine Motions

Any in limine motions shall be served upon opposing counsel not less than five (5) days prior to trial. Any response shall be served upon the proponent of the motion not later than the first appearance in the Department of the Presiding Judge for trial assignment.

(Adopted, effective January 1, 2002)

### Rule 2.22 Production of Exhibits

Any party intending to offer any exhibit at the time of trial shall be prepared, by the time of assignment to a trial department, with an original and sufficient copies of each such exhibit for all other parties and the court. The court may make, in it discretion, any orders it deems appropriate regarding the exchange and presentations of exhibits.

(Adopted, effective January 1, 2002)

### RULE NUMBERS 2.23 TO 2.29 ARE RESERVED

## CHAPTER 7.  COMPLEX CASES

### Rule 2.30 Determination of Complex Case Designation.

**A.** **Decision of Complex Case to be Made by Presiding Judge**

The Presiding Judge shall decide whether an action is a complex case within the meaning of California Rules of Court, Rule 3.400, subdivision (a), and whether it should be assigned to a single judge for all purposes. All status conferences or other hearings regarding whether an action should be designated as complex and receive a singly assigned judge shall be set in the Presiding Judge's department.

**B.** **Provisional Designation.**

An action is provisionally a complex case if it involves one or more of the following types of claims: (1) antitrust or trade regulation claims; (2) construction defect claims involving many parties or structures; (3) securities claims or investment losses involving many parties; (4) environmental or toxic tort claims involving many parties; (5) claims involving massive torts; (6) claims involving class actions; or (7) insurance coverage claims arising out of any of the claims listed in subdivisions (1) through (6).

The Court shall treat a provisionally complex action as a complex case until the Presiding Judge has the opportunity to decide whether the action meets the definition in California Rules of Court, Rule 3.400, subdivision (a).

**C.** **Application to Designate or Counter-Designate an Action as a Complex Case.**

Div II - Rules         213        Revised 1/1/2009

Superior Court of California, County of San Mateo

Any party who files either a Civil Case Cover Sheet (pursuant to California Rules of Court, Rule 3.401) or a counter or joinder Civil Case Cover Sheet (pursuant to California Rules of Court, Rule 3.402, subdivision (b) or (c)), designating an action as a complex case in Items 1, 2 and/or 5, must also file an accompanying Certificate Re: Complex Case Designation in the form prescribed by the Court. The certificate must include supporting information showing a reasonable basis for the complex case designation being sought. Such supporting information may include, without limitation, a brief description of the following factors as they pertain to the particular action:

(1)   Management of a large number of separately represented parties;
(2)   Complexity of anticipated factual and/or legal issues;
(3)   Numerous pretrial motions that will be time-consuming to resolve;
(4)   Management of a large number of witnesses or a substantial amount of documentary evidence;
(5)   Coordination with related actions pending in one or more courts in other counties, states or countries or in a federal court;
(6)   Whether or not certification of a putative class action will in fact be pursued; and
(7)   Substantial post-judgment judicial supervision.

A copy of the Certificate Re: Complex Case Designation must be served on all opposing parties. Any certificate filed by a plaintiff shall be served along with the initial service of copies of the Civil Case Cover Sheet (pursuant to California Rules of Court, Rule 3.401), summons, and complaint in the action. Any certificate filed by a defendant shall be served together with the service of copies of the counter or joinder Civil Case Cover Sheet (pursuant to California Rules of Court, Rule 3.402, subdivision (b) or (c)) and the initial first appearance pleading(s).

D.   Noncomplex Counter-Designation.

If a Civil Case Cover Sheet designating an action as a complex case and the accompanying Certificate Re: Complex Case Designation has been filed and served and the Court has not previously declared the action to be a complex case, a defendant may file and serve no later than its first appearance a counter Civil Case Cover Sheet designating the action as not a complex case. Any defendant who files such a noncomplex counter-designation must also file and serve an accompanying Certificate Re: Complex Case Designation in the form prescribed by this Court and setting forth supporting information showing a reasonable basis for the noncomplex counter-designation being sought.

Once the Court has declared the action to be a complex case, any party seeking the Presiding Judge's decision that the action is not a complex case must file a noticed motion pursuant to Section H below.

E.   Decision by Presiding Judge on Complex Case Designation; Early Status Conference.

If a Civil Case Cover Sheet designating an action as a complex case and the accompanying Certificate Re: Complex Case Designation have been filed and served, the Presiding Judge shall decide as soon as reasonably practicable, with or without a hearing, whether the action is a complex case and should be assigned to a single judge for all purposes.

Upon the filing of a Civil Case Cover Sheet designating an action as a complex case and the accompanying Certificate Re: Complex Case Designation, the Clerk of the Court shall set a status conference at which the Presiding Judge shall decide whether or not the action is a complex case. This status conference shall be held no later than (a) 60 days after the filing of a Civil Case Cover Sheet by a plaintiff (pursuant to California Rules of Court, Rule 3.401) or (b) 30 days after the filing of a counter Civil Case Cover Sheet by a defendant (pursuant to California Rules of Court, Rule 3.402, subdivision (a) or (b)), whichever date is earlier.

Div II - Rules                               214                            Revised 1/1/2009

- 51 -

Superior Court of California, County of San Mateo

Alternatively, in his or her sole discretion, the Presiding Judge may make the decision on complex case designation and single assignment, without a status conference, based upon the filed Civil Case Cover Sheet and accompanying Certificate Re: Complex Case Designation alone.

F.    **Notice.**
      The party who seeks a complex case designation or a noncomplex counter-designation must give reasonable notice of the status conference to the opposing party or parties in the action even if they have not yet made a first appearance in the action. Such notice of the status conference shall be given in the same manner as is required for ex parte applications pursuant to California Rule of Court, Rule 379.

G.    **Representations to the Court.**

      By presenting to the Court a Certificate Re: Complex Case Designation, an attorney or unrepresented party is certifying to the best of that person's knowledge, information, and belief, formed after reasonable inquiry under the circumstances:

      (1)    That the complex case designation or noncomplex counter-designation is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

      (2)    That the claims, defenses, or other legal contentions referenced therein are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

      (3)    That the statement of supporting information relevant to the complex case designation or noncomplex counter-designation have evidentiary support or are believed, in good faith, likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

      (4)    That there is a reasonable basis for that party's complex case designation or noncomplex counter-designation.

      If, after notice and a reasonable opportunity to be heard, the Court determines that this subpart has been violated, the Court may impose an appropriate sanction upon the attorneys, law firms, or self-represented parties that have violated this subpart.

H.    **The Presiding Judge's Continuing Power.**
      With or without a hearing, the Presiding Judge may decide, on his or her own motion or on a noticed motion by any party, that a civil action is a complex case or that an action previously declared to be a complex case is not a complex case.

I.    **Pilot Program; Sunset Provision.** (Repealed, effective 1/1/2007).

(Adopted, effective July 1, 2004)(Amended, effective July 1, 2005) (Amended, effective January 1, 2006)(Amended, effective January 1, 2007)

**RULE NUMBERS 2.31 TO 2.35 ARE RESERVED**

**CHAPTER 8.    ACCESS TO COURT RECORDS**

Div II - Rules                                    215                                    Revised 1/1/2009

Superior Court of California, County of San Mateo

Rule 2.36    Public Access and Privacy

Please reference. California Rules of Court, Rule 1.20.

(Adopted, effective January 1, 2008)

Rule 2.37    Public Access.

Exhibits or attachments to a document that are filed or lodged with or otherwise presented to the court, that are not otherwise marked as confidential or sealed, may be subject to public viewing and access either at the courthouse or electronically on-line (California Rules of Court, Rule 2.503, et seq.).

(Adopted, effective January 1, 2008)

Rule 2.38    Electronic Access.

Documents that are part of a court record are reasonably made available to the public electronically under the Court's Electronic Imaging program as permitted by California Rules of Court, Rules 2.500, et seq. Documents that are not properly protected by being marked confidential or sealed by court order may be subject to public access as discussed in Rule 2.38.

(Adopted, effective January 1, 2008)

| | |
|---|---|
| **ATTORNEY APPEARING**<br><br>**Name:**<br><br>**Firm Name:**<br><br>**Tel No:**<br>**Fax No:**<br><br>**State Bar No.**<br><br>**ATTORNEY FOR (Name):** | **DO NOT FILE WITH COURT**<br><br>**YOU MUST COMPLETELY FILL OUT ALL INFORMATION ON THIS FORM PRIOR TO SUBMITTING TO COURTCALL OR YOUR REQUEST CANNOT BE PROCESSED!** |
| **COURT: SAN MATEO SUPERIOR COURT** | |
| **Case Name:** | **CASE NUMBER:**<br><br>**DEPARTMENT/JUDGE:**<br><br>**DATE:**<br><br>**TIME:**<br><br>**HEARING:** |
| **REQUEST FOR COURTCALL TELEPHONIC APPEARANCE** | Our Tax ID#: 95-4568415 |

1. _____(Name of specific attorney appearing telephonically) requests a CourtCall telephonic calendar appearance at the above referenced proceeding and agrees to provisions of the Rule/Order/Procedure Re: CourtCall Telephonic Appearances.  I UNDERSTAND THAT I DIAL INTO THE CALL FIVE MINUTES BEFORE ITS SCHEDULED START TIME.  COURTCALL DOES NOT DIAL OUT TO ME.

2. Not less than 5 Court days or 4:00 PM on the Court day prior to the hearing if the department posts tentative rulings, a copy of this document was served on all other parties and faxed to CourtCall, Telephonic Appearance Program Administrator at (310) 743-1850 OR (888) 88-FAXIN.

3. The non-refundable CourtCall Appearance Fee in the sum of $65.00 (plus additional fee of $35.00 if late filing is accepted) paid as follows:

__Check - (copy attached-write CourtCall ID# on check-and faxed to CourtCall at (310) 743-1850 or (888) 88-FAXIN) payable to Telephonic Hearing Account and original mailed to CourtCall at 6383 Arizona Circle, Los Angeles, CA 90045, telephone (310) 342-0888 or (888) 88-COURT.  INDIVIDUALS REPRESENTING THEMSELVES MUST PAY BY CREDIT CARD!

__Charged - to CourtCall Debit Account No.:_____

__Charged - to VISA, Mastercard or American Express:

To be completed only on the copy submitted to CourtCall, LLC:

| |
|---|
| Credit Card Number:_____Expiration Date:_____<br><br>To pay by credit card, the copy of this form submitted to CourtCall, LLC must be signed by the person whose credit card is to be charged and must be faxed to CourtCall at (310) 743-1850 or (888) 88-FAXIN with the above credit card information completed.  The signature below constitutes authorization to charge the above referenced credit card.<br><br>_____    _____<br>Type Name                                     Signature |

4. Request forms are processed within 24 hours of receipt.  Call CourtCall if you do not receive a faxed Confirmation within 24 hours.  WITHOUT A WRITTEN CONFIRMATION YOU ARE NOT ON THE COURTCALL CALENDAR AND MAY BE PRECLUDED FROM APPEARING TELEPHONICALLY!  COURTCALL'S LIABILITY CONCERNING THIS TELEPHONIC APPEARANCE IS LIMITED TO THE FEE PAID TO COURTCALL.  Matters continued at the time of the hearing require a new form and fee for the continued date.  There are no refunds for matters voluntarily taken "off calendar" or canceled.  To cancel a CourtCall Appearance fax a copy of your Confirmation marked "Canceled" to 310-743-1850.

5. *MY SIGNATURE ON THIS DOCUMENT SERVES AS CONSENT FOR COURTCALL TO CONTINUE TO FAX (AT THE FAX NUMBER LISTED ABOVE UNDER "ATTORNEY OF RECORD") OR EMAIL NOTICES TO ME OR MY FIRM ADVISING OF UPCOMING APPEARANCES AND/OR OTHER OFFERINGS FROM COURTCALL UNTIL I OR MY FIRM ADVISES COURTCALL OTHERWISE.*

Date: _____        Signature: _____

**EXHIBIT B**

CROWELL
& MORING LLP
ATTORNEYS AT LAW

NOTICE OF REMOVAL OF CIVIL ACTION

COPY

CROWELL & MORING LLP
S. Shane Sagheb (CSB No. 109878, ssagheb@crowell.com)
Samuel P. Nielson (CSB No. 274611, snielson@crowell.com)
515 South Flower Street, 40th Floor
Los Angeles, CA 90071
Telephone: (213) 622-4750
Facsimile: (213) 622-2690

Attorneys for Defendant
Gate Gourmet, Inc.

**ENDORSED FILED**
**SAN MATEO COUNTY**

DEC 19 2012

Clerk of the Superior Court
By___UNA FINAU____
DEPUTY CLERK

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN MATEO

| | |
|---|---|
| ROBERTO ORTIZ, <br><br> Plaintiff, <br><br> v. <br><br> GATE GOURMET, INC., CHRIS NOVAK; and DOES 1 THROUGH 20, inclusive, <br><br> Defendants. | Case No. CIV 518104 <br><br> **DEFENDANT GATE GOURMET, INC.'S ANSWER TO COMPLAINT** <br><br> Action Filed: November 21, 2012 <br><br> **Trial Date:** None |

Defendant Gate Gourmet, Inc. ("Gate Gourmet" or "Defendant"), for itself alone and for no other defendant, answers the Complaint of Plaintiff Roberto Ortiz ("Plaintiff") as follows:

### GENERAL DENIAL

Pursuant to Code of Civil Procedure section 431.30(d), Gate Gourmet denies generally and specifically each and every allegation in Plaintiff's Complaint and each and every purported cause of action contained therein.

### SEPARATE AFFIRMATIVE DEFENSES

By pleading the following defenses, Gate Gourmet does not concede that it bears the burden of proof on any issue raised through this pleading.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

Case No. CIV 518104

DEFENDANT GATE GOURMET'S ANSWER TO COMPLAINT

FAXED

## FIRST SEPARATE AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

1. The Complaint and the causes of action asserted therein fail to allege facts sufficient to state a cause of action against Gate Gourmet.

## SECOND SEPARATE AFFIRMATIVE DEFENSE

### (Waiver)

2. Plaintiff has engaged in conduct and activities sufficient to constitute a waiver of the alleged causes of action asserted in the Complaint against Gate Gourmet.

## THIRD SEPARATE AFFIRMATIVE DEFENSE

### (Estoppel)

3. Plaintiff has engaged in conduct and activities sufficient to estop him from bringing the causes of action asserted in the Complaint against Gate Gourmet.

## FOURTH SEPARATE AFFIRMATIVE DEFENSE

### (Good Faith)

4. Plaintiff's claims are barred because all of Gate Gourmet's alleged actions were done in good faith and motivated by legitimate, non-retaliatory and non-discriminatory reasons and/or as a result of business necessity.

## FIFTH SEPARATE AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

5. Plaintiff would be unjustly enriched should he recover anything from Gate Gourmet.

## SIXTH SEPARATE AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

6. Gate Gourmet alleges on information and belief that Plaintiff has failed to take reasonable steps to mitigate his damages, if any, and has freely and voluntarily incurred expenses that he had no legal obligation to incur. As a result of Plaintiff's actions, his claims against Gate Gourmet are reduced, excused and/or discharged.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-2-                                                    Case No. CIV 518104

DEFENDANT GATE GOURMET'S ANSWER TO COMPLAINT

SEVENTH SEPARATE AFFIRMATIVE DEFENSE

(Exempt Status)

7. Gate Gourmet classified Plaintiff properly as an exempt employee.

EIGHTH SEPARATE AFFIRMATIVE DEFENSE

(Preemption)

8. Plaintiff's claims are preempted by federal law, in whole or in part, including but not limited to the Labor Management Relations Act and the National Labor Relations Act.

NINTH SEPARATE AFFIRMATIVE DEFENSE

(Statute of Limitations)

9. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation including, without limitation, California Code of Civil Procedure Sections 338(a) and 340(a), California Labor Code Section 226 and California Government Code Section 12960, to the extent he failed to assert his claims within the applicable limitations period.

TENTH SEPARATE AFFIRMATIVE DEFENSE

(Avoidable Consequences)

10. Plaintiff's claims for monetary relief are barred, in whole or in part, on the basis of the doctrine of avoidable consequences.

ELEVENTH SEPARATE AFFIRMATIVE DEFENSE

(After-Acquired Evidence)

11. Plaintiff's claims are barred, in whole or in part, and/or his damages, if any, are to be reduced in accordance with the doctrine of after-acquired evidence.

TWELFTH SEPARATE AFFIRMATIVE DEFENSE

(Failure to Exhaust Administrative Remedies)

12. On information and belief, Gate Gourmet alleges that Plaintiff's claims are barred, in whole or in part, by his failure to exhaust his administrative remedies, including but not limited to all procedural requirements under the Fair Employment and Housing Act.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-3-            Case No. CIV 518104

DEFENDANT GATE GOURMET'S ANSWER TO COMPLAINT

## THIRTEENTH SEPARATE AFFIRMATIVE DEFENSE

### (Unclean Hands)

13. Plaintiff's claims are barred, in whole or in part, because Plaintiff engaged in conduct which proximately caused or contributed to any and all injuries he allegedly suffered.

## FOURTEENTH SEPARATE AFFIRMATIVE DEFENSE

### (No Injury to Competition)

14. Plaintiff's claim for unfair competition under California Business & Professions Code § 17200 is barred because Plaintiff cannot show injury to competition, as distinguished from injury to himself.

## FIFTEENTH SEPARATE AFFIRMATIVE DEFENSE

### (No Private Right of Action)

15. Plaintiff's claims are barred, in whole or in part, because no private right of action exists.

## SIXTEENTH SEPARATE AFFIRMATIVE DEFENSE

### (Offset)

16. To the extent that Plaintiff is determined to be entitled to an award of damages, Gate Gourmet is entitled to an offset.

## SEVENTEENTH SEPARATE AFFIRMATIVE DEFENSE

### (Punitive Damages Unavailable)

17. Plaintiff cannot recover punitive damages based on the facts alleged in the Complaint because Plaintiff has failed to plead and cannot establish sufficient facts to support allegations of malice, oppression, fraud or despicable conduct as required to recover punitive damages under California Civil Code Section 3294.

## EIGHTEENTH SEPARATE AFFIRMATIVE DEFENSE

### (Reservation of Defenses)

18. Gate Gourmet reserves the right to assert additional defenses that become apparent or available during discovery.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-4-                                      Case No. CIV 518104

DEFENDANT GATE GOURMET'S ANSWER TO COMPLAINT

WHEREFORE, Gate Gourmet respectfully requests that this Court:

1.    Deny the relief requested in Plaintiff's Complaint and award judgment in Gate Gourmet's favor;

2.    Dismiss Plaintiff's action against Gate Gourmet in its entirety;

3.    Award Gate Gourmet its costs and reasonable attorneys' fees; and

4.    Grant such other or further relief as the Court may deem just and proper.

Dated: December 19, 2012

CROWELL & MORING LLP

S. Shane Sagheb
Samuel P. Nielson
Attorneys for Defendant
Gate Gourmet, Inc.

## PROOF OF SERVICE

I, Sandra Holstein, state:

My business address is 515 South Flower Street, 40th Floor, Los Angeles, CA 90071. I am over the age of eighteen years and not a party to this action.

On the date set forth below, I served the foregoing document(s) described as:

### DEFENDANT GATE GOURMET, INC.'S ANSWER TO COMPLAINT

on the following person(s) in this action:

| KLETTER LAW FIRM<br>Cary Kletter (SBN 210230)<br>Sally Trung Nguyen (SBN 267275)<br>1900 S. Norfolk Street, Suite 350<br>San Mateo, California 94403<br><br>Telephone:  (415) 434-3400<br>            (650) 577.2336<br>Emails:     ckletter@kletterlaw.com<br>            snguyen@kletterlaw.com | Attorneys for Plaintiff<br>Roberto Ortiz |
|---|---|

☒ **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Crowell & Moring LLP's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **BY OVERNIGHT DELIVERY:** I enclosed the document(s) identified above in a sealed envelope or package addressed to the person(s) listed above, in an envelope or package designated by the overnight delivery carrier with delivery fees paid or provided for. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier, or by delivering to a courier or driver authorized by the overnight delivery carrier to receive documents.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on December 19, 2012, at Los Angeles, California.

_____
Sandra Holstein

LAACTIVE-601097418.2

Crowell
& Moring LLP
ATTORNEYS AT LAW

Case No. CIV 518104

DEFENDANT GATE GOURMET'S ANSWER TO COMPLAINT

## PROOF OF SERVICE

I, Sandra Holstein, state:

My business address is 515 South Flower Street, 40th Floor, Los Angeles, CA 90071. I am over the age of eighteen years and not a party to this action.

On the date set forth below, I served the foregoing document(s) described as:

**NOTICE OF REMOVAL OF CIVIL ACTION FROM SAN MATEO COUNTY SUPERIOR COURT TO UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA UNDER 28 U.S.C. § 1441**

on the following person(s) in this action:

| | |
|---|---|
| KLETTER LAW FIRM<br>Cary Kletter (SBN 210230)<br>Sally Trung Nguyen (SBN 267275)<br>1900 S. Norfolk Street<br>Suite 350<br>San Mateo, California 94403<br><br>Telephone: (415) 434-3400 | **Attorneys for Plaintiff**<br>**Roberto Ortiz** |

☒ **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Crowell & Moring LLP's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **BY OVERNIGHT DELIVERY**: I enclosed the document(s) identified above in a sealed envelope or package addressed to the person(s) listed above, in an envelope or package designated by the overnight delivery carrier with delivery fees paid or provided for. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier, or by delivering to a courier or driver authorized by the overnight delivery carrier to receive documents.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on December 20, 2012, at Los Angeles, California.

Sandra Holstein

LAACTIVE-601097812.3

CROWELL
& MORING LLP
ATTORNEYS AT LAW

NOTICE OF REMOVAL OF CIVIL ACTION